RIPLEY *v.* LUCAS.

1. ESCROWS—REVOCATION.
   An escrow executed and deposited upon a valuable consideration is not revocable by the depositor except according to the terms of the agreement and deposit.

2. CONTRACTS—ABROGATION.
   Parties to a contract in which there are terms for its abrogation cannot dispense with such provisions without the consent of the other.

3. SAME—ROOM AND BOARD—DEATH—ARBITRATION.
   Contractual relation between parties agreeing to furnish room and board to decedent for balance of her life was in existence at time of her death, where provisions for arbitration of amount payable in case of her desire to terminate same were not complied with during her lifetime, though she did advise them of her desire to terminate relation.

4. EXECUTORS AND ADMINISTRATORS—CONTRACTS FOR ROOM AND BOARD—ESCROWS.
   Administratrix claiming decedent's property left in escrow pursuant to contract between decedent and defendants who agreed to furnish her room and board for balance of her life *held*, barred by existence of contract relation at her death, which thereupon became fully executed on part of defendants so as to entitle them to escrowed property.

5. CONTRACTS—ARBITRATION—JURISDICTION—CONDITION PRECEDENT.
   Agreement to arbitrate amount of compensation due under contract for room and board, in case of desire to terminate it, does not oust courts of jurisdiction but is a condition precedent to the bringing of a suit or rescission.

6. SAME—COURTS—REVOCATION.
   Court cannot alter or amend a contract nor substitute another and different method of revocation than that agreed to by the parties and stipulated in the contract.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted April 5, 1934. (Docket No. 41, Calendar No. 37,660.) Decided June 4, 1934.

Bill by Hannah T. Ripley, special administratrix of the estate of Mary J. Bradley, against Frank J. Lucas and wife for an accounting and other relief. Decree for defendants. Plaintiff appeals. Affirmed.

*L. W. Beardsley* and *N. A. Cobb,* for plaintiff.

*Roland O. Kern* and *Maurice C. Ransford,* for defendants.

NORTH, J. In December, 1926, plaintiff's decedent, Mary J. Bradley, entered into a contract with defendants for her lodging, board and care during the balance of her life. At that time she was possessed of two real estate mortgages totaling $4,200. The agreement provided that the Akron State Bank of Akron, Michigan, should collect interest and payments on these mortgages and remit the same by draft payable to the three contracting parties. The mortgage papers were to be held in trust by the bank during the lifetime of Mrs. Bradley and upon her death were to be delivered to defendants together with the unrecorded assignments of the mortgages which were also left in the bank's custody. The money collected on the mortgages was to be used for necessary expenses of Mrs. Bradley other than her board and lodging and any amount in excess of such expenses was to be kept in a joint account of the three contracting parties and be payable to them or to the survivor of them. The contract contained the following provision:

"It is also agreed that should the first party elect to terminate this agreement she may do so by paying to the said second parties a reasonable amount for her board and care from this date to the time of termination of this agreement, the amount to be paid shall be mutually agreed upon and in the event of failure to arrive at a mutual agreement then shall

the said parties hereto abide by the judgment of a board of arbitration consisting of three members, one to be chosen by each of the parties concerned and the third to be chosen by the two so designated.''

Mrs. Bradley died September 18, 1932, approximately 81 years of age. Plaintiff, a sister of Mrs. Bradley, was appointed administratrix of the estate of deceased. Claiming that Mrs. Bradley terminated the above-mentioned contract during her lifetime, plaintiff filed the bill of complaint herein for the purpose of securing an accounting from defendants ''of all moneys and securities and properties of any sort belonging to Mary J. Bradley which have come into their hands by reason of the aforesaid agreement.'' Plaintiff also prays that there be a determination of the amount defendants should have for the board and lodging of deceased as provided in the contract so that such amount may be allowed as credit against the sum otherwise alleged to be due from defendants on the accounting; and further that defendants be decreed to turn over to plaintiff any mortgages, notes or other securities in their hands belonging to the estate of Mary J. Bradley. Defendants deny that the contract was terminated by Mrs. Bradley during her lifetime and therefore deny plaintiff's right to the relief sought. The case was heard in open court and the trial judge, finding in favor of the defendants, entered a decree dismissing plaintiff's bill of complaint. Plaintiff has appealed.

As bearing upon the controverted question of whether Mrs. Bradley did exercise her right to terminate her agreement with the defendants the record discloses the following facts: From December, 1926, until August 10, 1931, Mrs. Bradley lived in the home of defendants and was cared for by them

in accordance with the plan adopted. On the latter date plaintiff went to Tuscola county where Mrs. Bradley was then living with Mr. and Mrs. Lucas and took Mrs. Bradley from there to plaintiff's home in the city of Battle Creek. Plaintiff testified that Mrs. Bradley made this trip to Battle Creek "because my sisters all got together for a visit. I told Mrs. Lucas I came to get her for a visit." Thereafter until her death, September 18, 1932, Mrs. Bradley remained at plaintiff's home.

Defendant Frank J. Lucas testified that defendants were willing to continue supporting and providing for Mrs. Bradley. They admit in their answer that they received as interest and payments on the mortgages $2,046; but they assert expenditures in behalf of Mrs. Bradley aside from her board, lodging and ordinary care which total $1,540.46; and they claim the balance is not sufficient to pay them for the board, lodging and ordinary care of Mrs. Bradley during the four and a half years and more which she resided with defendants, in event of termination or attempted termination of the contract. This phase of the record is important because it has a material bearing upon defendants' claim that Mrs. Bradley never terminated the contractual relations between herself and defendants.

The contract, by the provisions above quoted, expressly provided the manner in which it could be terminated by Mrs. Bradley. The mortgages and assignments had been delivered to the bank in escrow incident to this agreement. The bank had full knowledge of the terms of the agreement.

"An escrow executed and deposited upon a valuable consideration is not revocable by the depositor except according to the terms of the agreement and deposit." 10 R. C. L. p. 633.

"Where the parties themselves have provided the terms on which their contract shall be abrogated, neither can dispense with them, without the consent of the other." 6 R. C. L. p. 922.

See, also, *Hackley Union National Bank* v. *Farmer,* 252 Mich. 674.

Defendants, under their agreement, had a right to settle with Mrs. Bradley during her lifetime rather than with representatives of her estate after her demise. This was a substantial right. A settlement so proposed by defendants required only Mrs. Bradley's approval, not that of representatives of her estate. If the contracting parties could not agree and a contest followed, defendants were then at liberty to testify fully in their own behalf; but now, Mrs. Bradley having died, their lips are sealed as to matters equally within the knowledge of deceased (3 Comp. Laws 1929, § 14219). Unless there was substantial compliance with the express provision for terminating this agreement, the contractual relation still existed at the time of Mrs. Bradley's death. In that event plaintiff, as administratrix of Mrs. Bradley's estate, is not entitled to an accounting or to any other relief sought in her bill of complaint.

As bearing upon plaintiff's contention that the contract was terminated the following facts are material. In January, 1932, plaintiff and Mrs. Bradley went to Tuscola county and while there they consulted an attorney, who at the direction of Mrs. Bradley wrote defendants the following letter:

"Mr. Frank J. Lucas
"Fairgrove, Mich.
"*Dear Sir:*

"Mrs. Mary J. Bradley has requested me to advise you that in accordance with the terms of a cer-

tain agreement entered into by you and your wife and Mrs. Bradley on the 1st day of December, 1926, providing for the care of the latter, she desires to terminate said agreement. I would be glad to have you advise me what you consider a reasonable amount for her board and care, and if we cannot agree upon that amount the matter will have to be submitted to a board of arbitration as provided in the agreement. We will also expect an accounting of all sums received from Mrs. Bradley or her property. If you cannot call at my office within a few days will you kindly let me hear from you by return mail.

"Yours very truly,
"THERON W. ATWOOD."

By the foregoing letter Mrs. Bradley through her attorney acknowledged the agreement was still in force and the contract obligation of arbitrating "as provided in the agreement" in case she sought to terminate her contract with defendants and the parties disagreed as to the "reasonable amount for her board and care." The parties never did agree upon the amount to be paid for Mrs. Bradley's board and care. Instead plaintiff now seeks, without any attempt at arbitration, to have a determination in this suit of the very question which the parties expressly agreed to arbitrate. We think by their contract the parties definitely made arbitration an essential part of revocation in case they did not agree as to the amount Mrs. Bradley should pay defendants for her board and care. Conclusively, as noted above, they never did agree upon this essential factor involved in complete revocation of their contract. Before this was accomplished or even sought to be accomplished, Mrs. Bradley died. Upon her death the trust agreement, by its express terms,

became fully executed and defendants were entitled to delivery of the mortgages and assignments, and the money, if any, in the bank became payable to defendants as survivors.

Appellant seeks to escape the provisions of the contract on the ground, as stated in her brief, that "the mere agreement to arbitrate does not preclude a resort to a court of justice and cannot be pleaded in bar,  *  *  *  nor does it prevent a suit at law." *McGunn* v. *Hanlin,* 29 Mich. 476, is cited in support of this contention. We think the case is not applicable here because the agreement there was one for a general arbitration and was entered into after the difficulty between the parties arose. It was not an arbitration provided for in the original contract between the parties and which specified only a particular phase of the contractual relations to be controlled and determined, if necessary, by arbitration, as in the instant case.

"It is conceded that an agreement to submit *all* matters in controversy between parties to arbitration, and thus oust courts of their jurisdiction, is void, and may be repudiated by either party at any time before award is made.  *  *  *  But *non constat* that parties may not agree to submit the question of unliquidated damages to arbitration as a condition precedent to bringing suit." *Chippewa Lumber Co.* v. *Phenix Ins. Co.,* 80 Mich. 116.

To the same effect see *Weggner* v. *Greenstine,* 114 Mich. 310, citing several cases; also, *Jacobs* v. *Schmidt,* 231 Mich. 200, and *Frolich* v. *Walbridge-Aldinger Co.,* 236 Mich. 425. The agreement to arbitrate in the instant case was valid. It not only constituted a condition precedent to bringing suit,

but it was also a condition precedent to rescission of the contract by Mrs. Bradley. She did not resort to the agreed method of terminating the contract during her lifetime and therefore it was still in full force and effect at the time of her demise. As was said by Mr. Justice POTTER in *Hackley Union National Bank* v. *Farmer, supra,* 681, so it might well be said in the instant case:

"This court cannot alter or amend the contract; it cannot substitute another and different method of revocation for that agreed upon by the parties and stipulated in the contract. * * * This contract was not revoked in the manner provided for by its terms. There is no claim it was so revoked, and therefore it was not legally revoked at all."

The trial judge was right in holding that termination of the contract between Mrs. Bradley and defendants was never accomplished. The decree entered in the circuit court is affirmed. Costs to appellees.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.