REED *v.* SECRETARY OF STATE.

1. AUTOMOBILES—FINANCIAL RESPONSIBILITY ACT—CONSTRUCTION OF STATUTES—REVIEW OF SUSPENSION OF OPERATOR'S LICENSE.

    The motor vehicle financial responsibility act does not indicate a legislative intent that the mandatory suspension thereunder of an operator's license by the secretary of State shall be subject to a right of review by the courts (CL 1948, § 256.251 *et seq.*).

REFERENCES FOR POINTS IN HEADNOTES

[1, 4–6] 5 Am Jur, Automobiles, § 157.
[1, 4–6] Validity, construction, and application of statute or ordinance relating to granting or revocation of license or permit to operate automobile. 125 ALR 1459.
[2–4] 50 Am Jur, Statutes, §§ 348–351.
[3, 4] 50 Am Jur, Statutes, § 367.
[7] 3 Am Jur, Appeal and Error, § 776.
[8] 14 Am Jur, Costs, § 91.

2. STATUTES—IN PARI MATERIA—CONSTRUCTION.

Statutes *in pari materia* should be construed together, particularly when they were passed or re-enacted in the same legislative session and approved by the governor on the same day.

3. SAME—SPECIAL ACTS—GENERAL ACTS—INTENT—PRESUMPTIONS.

A special act must be taken as an exception to a general act which, if standing alone, would include the same matter and thus conflict with the special act or provision, especially when such general and special acts or provisions are contemporaneous, as it is not presumed that the legislature intended to have a conflict.

4. AUTOMOBILES—FINANCIAL RESPONSIBILITY ACT—SUSPENSION OF OPERATOR'S LICENSE—JUDICIAL REVIEW.

The motor vehicle financial responsibility act is a special act applicable to a particular situation and the mandatory suspension of an operator's license under its provisions is not subject to review by the courts, since such act must be considered as an exception to provision in the uniform operators' and chauffeurs' license act that an appeal is available to a licensee whether suspension of such a license was under the provision of such latter act "or any other law of this State" (CL 1948, § 256.220; § 256.251 *et seq.*).

5. SAME — OPERATOR'S LICENSE — SUSPENSION — RENEWAL — MOOT CASE—UNSATISFIED JUDGMENT—FINANCIAL RESPONSIBILITY ACT.

Case by licensee under uniform operators' and chauffeurs' license act was not moot because decision is rendered on petition for restoration filed subsequent to time when license expired where licensee claims right to a circuit court hearing affected renewal of his license under such act but motor vehicle financial responsibility act, under which his license was revoked, specifically prohibits renewals so long as judgment against the licensee remains unsatisfied (CL 1948, § 256.220; § 256.251 *et seq.*).

6. STATUTES—SAVING CLAUSE—OPERATOR'S LICENSE.

Fact that after court hearing on revocation of operator's license and Supreme Court had allowed appeal from order made by the circuit court, the motor vehicle code repealed the act under which plaintiff was licensed and under which he claimed a right of court review of the revocation of his license under the motor vehicle financial responsibility act, also repealed, determination of plaintiff's rights was not precluded, where there was a saving clause in repealing act as to such proceedings (CL 1948, § 256.220; § 256.251 *et seq.*; PA 1949, No 300).

7. Appeal and Error—Questions Reviewable—Briefs.
    Questions raised by appellant, but not discussed in argument in
        his brief are not considered by the Supreme Court.

8. Costs—Construction of Statutes—Suspension of Operator's
    License—Financial Responsibility Act.
    No costs are allowed in proceeding to set aside order suspending
        operator's license under the motor vehicle financial responsi-
        bility act, a question of statutory construction being involved
        (CL 1948, § 256.251 et seq.).

Appeal from Dickinson; Jackson (Glenn W.), J.
Submitted October 14, 1949. (Docket No. 86, Cal-
endar No. 44,515.) Decided February 28, 1950.

Petition by Gordon Reed for restoration of opera-
tor's license. Petition denied. Plaintiff appeals in
nature of mandamus. Affirmed.

*L. J. Archambeau,* for plaintiff.

*Stephen J. Roth,* Attorney General, *Edmund E.
Shepherd,* Solicitor General, and *Daniel J. O'Hara,*
Assistant Attorney General, for Secretary of State.

Dethmers, J. This is an appeal from denial in
the circuit court of plaintiff's petition for an order
setting aside the secretary of State's suspension of
his operator's license under the financial responsi-
bility act [*] for failure to satisfy a judgment against
him for damages resulting from his ownership and
negligent operation of a motor vehicle.

Plaintiff relies on section 20 of the so-called opera-
tors' and chauffeurs' licenses act, being PA 1931,
No 91, as amended (CL 1948, § 256.220 [Stat Ann
1947 Cum Supp § 9.1520]). Section 18 of this act
provides for mandatory suspensions of licenses by
the secretary of State in cases of convictions of the

[*] PA 1933, No 203, as amended (CL 1948, § 256.251 et seq. [Stat
Ann § 9.1541 et seq.]).

licensees of certain crimes and section 19 provides for permissible suspensions or revocations by him in cases in which the commissioner of public safety deems the licensees to be unsafe drivers. There follows section 20, which reads in part:

"Any person denied a license to operate a motor vehicle or whose license for such purpose has been revoked or suspended by the secretary of State under the provisions of this act or any other law of this State shall have a right to file a petition for a hearing in the matter in a circuit court."

Do the quoted provisions of section 20 apply to cases of suspensions of licenses under section 3 of the financial responsibility act or refusals thereunder to renew or issue new licenses? The trial court answered "No." Plaintiff points to the fact that section 20, by its terms, makes the appeal available whether the suspension be under the provisions of the act of which that section is a part or under *"any other law of this State."* These italicized words did not appear in section 20 as originally adopted in 1931, but were added by the amendment embraced in PA 1933, No 196, adopted in the same session and approved by the governor on the same date as the financial responsibility act. Plaintiff urges that a legislative intent is disclosed to make the appeal provisions of section 20 applicable to cases of suspensions under the financial responsibility act. In this connection plaintiff cites *In re Probasco,* 269 Mich 453. In that case this Court held that there was no conflict between the mandatory revocation provisions of section 18 of said Act No 91 and the appeal provisions of section 20 of the same act. The fact was stressed that this act was, with slight changes, the uniform operators' and chauffeurs' license act adopted in a number of States, but that, as adopted in the other States,

the appeal provisions of section 20 were expressly made inapplicable to cases of mandatory revocations while the Michigan legislature omitted that exception from its act. Also stressed was the fact that to the prohibition contained in section 21, as originally enacted in 1931, against granting a new license to a person whose former license had been revoked, for a period of one year thereafter, was added by the 1933 amendment the words "except as provided by section 20 of this act." These two facts, so stressed in our opinion, we deemed expressive of a legislative intent to make the appeal provisions of section 20 applicable to mandatory revocations under section 18 and an intent that for the violations enumerated in section 18 suspensions of licenses by the secretary of State should be mandatory, but subject to a right of review in the courts. There is nothing in the financial responsibility act to indicate a like legislative intent. Every intendment of the act is to the contrary. After providing for the suspension, section 3 of the financial responsibility act provides in part:

"Such operator's license, chauffeur's license, and registration certificates shall remain so suspended and shall not be renewed, nor shall any such license be issued to such person nor shall any motor vehicle be thereafter registered in the name of such person while any such judgment remains unstayed, unsatisfied and subsisting nor until every such judgment is satisfied or discharged, except by a discharge in bankruptcy, and until the said person gives proof of his ability to respond in damages as required in section 2 of this act, for future accidents."

It is significant that this language is followed by no such exception as was added to the comparable provisions of section 21 of said Act No 91. The quoted language is clearly in conflict with the idea of an appeal to the courts. However, section 20 of

said Act No 91 makes an appeal available whether the suspension be under that act or "any other law of this State." How shall such apparent conflict be resolved?

Statutes *in pari materia* should be construed together, particularly when, as here, they were passed or re-enacted in the same legislative session and approved by the governor on the same day. Nevertheless, as said in *Heims* v. *School District No. 6 of Davison Township,* 253 Mich 248:

"It is a rule of statutory construction—

" 'that where there are two acts or provisions, one of which is special and particular, and certainly includes the matter in question, and the other general, which, if standing alone, would include the same matter and thus conflict with the special act or provision, the special must be taken as intended to constitute an exception to the general act or provision, especially when such general and special acts or provisions are contemporaneous, as the legislature are not presumed to have intended a conflict.' *Crane* v. *Reeder,* 22 Mich 322, 334; *Woodworth* v. *City of Kalamazoo,* 135 Mich 233, 237; *Edwards* v. *Auditor General,* 161 Mich 639."

The financial responsibility act is a special one applicable to a particular situation. As such, it must be deemed to constitute an exception to the general appeal provisions of PA 1931, No 91, § 20, as amended.

Although it appears from the record that even if plaintiff's 3-year operator's license had not been suspended it would have been expired at the time his petition herein was filed, nevertheless, the case is not on that account regarded as moot inasmuch as plaintiff's reliance is placed on said section 20, which permits circuit court hearings not only in cases of suspensions, but also of denials of new licenses, and in view of the fact that section 3 of the financial

responsibility act provides that when licenses are suspended under its terms they shall not be renewed nor new licenses granted to the licensees involved so long as the judgment in question remains unsatisfied.

We are not unmindful that the financial responsibility act and the operators' and chauffeurs' licenses act, hereinbefore considered, are both repealed and superseded by PA 1949, No 300. However, plaintiff's license was suspended in 1946, his petition herein filed December 28, 1948, the trial court's order filed on May 5, 1949, and appeal here allowed on June 29, 1949. Act No 300 did not become effective until September 23, 1949. Section 922 of the act (CL 1948, § 257.922 [Stat Ann 1949 Cum Supp § 9.2622]) reads as follows:

"No action or proceeding commenced before this code takes effect, and no right accrued, is affected by the provisions of this code, but all procedure thereafter taken therein shall conform to the provisions of this code so far as possible."

Presented for our consideration in this case is a question of what rights had accrued and of the propriety and legal effect of action taken and proceedings commenced before the effective date of the act, not of what procedure is applicable after the effective date of the act. Hence, Act No 300 has no application to this case.

Other questions raised by plaintiff, but not discussed in argument in his brief are not considered.

Writ denied, without costs, a question of statutory construction being involved.

Boyles, C. J., and Reid, North, Butzel, Carr, Bushnell, and Sharpe, JJ., concurred.