EDWARD ROSE SALES CO v SHAFER

1. ESCROWS—PROPERTY SUBJECT—MONEY.
    It is settled that money may be the subject of an escrow agreement.

2. ESCROWS—PROPERTY—TITLE—CONDITIONS.
    Title to property, placed in escrow under an agreement that it is to go to a particular person upon the meeting of a condition, vests in that person when the condition is met.

3. ESCROWS—AGENT—CONDITIONS.
    The escrow agent ceases to be the agent of both parties and becomes the agent only of the party in whom title to the property held in escrow vests when the property has been placed in escrow under an agreement that it is to go to that party upon the meeting of a condition and that condition is met.

4. ESCROWS—AGENT—CONDITION—JUDGMENT—APPEAL.
    The escrow agent becomes the agent only of the party in whom title to the property held in escrow vests and must turn it over to that party upon notice when the property has been placed in escrow under an agreement that it is to go to that party upon the meeting of a condition and that condition is met, notwithstanding the fact that a court judgment which evidences that the condition is met is being appealed.

Appeal from Kalamazoo, Lucien F. Sweet, J. Submitted Division 3 April 11, 1972, at Grand Rapids. (Docket No. 12177.) Decided May 26, 1972.

Complaint by Edward Rose Sales Co. against Richard P. Shafer and Marilyn D. Shafer seeking a judgment that it was entitled to money held in escrow by The Title, Bond, and Mortgage Com-

REFERENCE FOR POINTS IN HEADNOTES
[1–4] 28 Am Jur 2d, Escrow § 2 *et seq.*

pany. Judgment that the money should be divided equally between plaintiff and defendant. Plaintiff appeals. Reversed and remanded.

*Stapleton-Adams, P. C.* (by *Charles E. Ritter* and *Brian M. Barkey),* for plaintiff.

*Gemrich, Moser, Dombrowski, Bowser & Garvey,* for defendant.

Before: J. H. GILLIS, P. J., and R. B. BURNS and DANHOF, JJ.

DANHOF, J. Plaintiff commenced this action seeking a judgment that it was entitled to $3200 held in escrow by The Title, Bond, and Mortgage Company. The plaintiff had purchased some property from the defendants. The contract of sale contained an arrangement regarding sewer service to the premises. The amount of $3200 was to be held in escrow under the following conditions:

"Parties understand that there will be a pay back charge of $7.00 per front foot for the sanitary sewer located in Kendall Avenue. It is therefore agreed that the amount of Thirty two hundred dollars ($3200.00) will be withheld from the proceeds of the sale of subject property at the time of closing. This amount shall be placed in escrow with Title, Bond, and Mortgage Company of Kalamazoo, Michigan, with instructions to the escrow agent that said sum will be paid to the purchaser upon receipt of written notice from Kalamazoo Township that the pay back charge for sanitary sewer for subject property is $3200.00 or more. In the event pay back charge is less than $3200.00, the difference shall be paid over promptly to the seller and the pay back amount shall be paid over to the purchaser."

The agreement also provided:

"In the event money described above has not been disbursed by December 31, 1970, then money shall be returned; one-half to purchaser and one-half to seller."

The township assessed a sewer connection charge greatly in excess of $3200 and the plaintiff contested the amount in circuit court. The circuit court awarded the township $8,787.48 and the plaintiff appealed. This Court modified the judgment slightly and affirmed. *Edward Rose Sales Co v Kalamazoo Township,* 33 Mich App 479 (1971).

In October of 1970 the township notified the escrow agent of its claim and sent it a copy of the circuit court judgment. The escrow agent refused to make payment because the judgment was being appealed. On November 6, 1970, the plaintiff commenced this action. At a hearing held on June 2, 1971, the trial court indicated that because the date, December 31, 1970, had passed, the money should be equally divided. Judgment was entered accordingly. This judgment is reversed.

It is settled that money may be the subject of an escrow agreement. 30A CJS, Escrows, § 3, p 971; 28 Am Jur 2d, Escrow, § 2, p 6. Thus the rules applied to escrow agreements generally apply to this case. When something has been placed in escrow under an agreement that it is to go to a particular person upon the meeting of a condition, title vests in that person when the condition is met. *Alexander v Bernard,* 136 Mich 642 (1904), *Francis v Francis,* 143 Mich 300 (1906). When this happens the escrow agent ceases to be the agent of both parties and becomes the agent only of the party entitled to the property. 28 Am Jur 2d, Escrow, § 11, p 18.

In this case when the township gave notice, the condition was met and title vested in the plaintiff. The escrow agent then became its agent and was holding the property for it. Since the plaintiff is

entitled to the money, it should have judgment. The trial court is directed to enter such a judgment.

When the escrow agent received notice, his duties were fixed. The fact that the judgment was on appeal does not change this. If the defendants later acquired some right to a portion of the money because of a reversal of the judgment, they could assert those rights at that time. The escrow agent could have protected himself by bringing an interpleader action.

Reversed and remanded for further proceedings not inconsistent with this opinion. Costs to the plaintiff.

All concurred.