CITY BANK & TRUST COMPANY v KWASKE BROTHERS
CONSTRUCTION COMPANY

1. ESCROWS—ESCROW AGENTS—MECHANICS' LIENS.

A party to whom funds have been transferred to be held as
security and used solely for discharging mechanics' liens, with
any remaining funds to be used for the construction project
which is the subject of the liens, is acting as an escrow agent.

2. ESCROWS—SUBJECT OF ESCROW—MONEY—REVOCABILITY.

Money, in addition to written instruments, may be the subject of
an escrow agreement, and an escrow executed and deposited
upon a valuable consideration is not revocable by the depositor
except according to the terms of the agreement and deposit.

3. ESCROWS—CREDITORS—GARNISHMENT.

Funds held in escrow cannot be attached by a creditor of the
escrow depositor where, except for the limited purpose ex-
pressed in the escrow agreement, the depositor himself cannot
reach the funds.

Appeal from Jackson, Charles Falahee, J. Sub-
mitted January 7, 1976, at Lansing. (Docket No.
24088.) Decided May 28, 1976.

Complaint by City Bank and Trust Company
against Kwaske Brothers Construction Company,
Gerald Kwaske, Kathleen Kwaske, Eugene
Kwaske, Jane Kwaske, and Ernest L. Kwaske for
repayment of money loaned. Summary judgment
for plaintiff. A writ of garnishment was served by
plaintiff against Brooks Abstract Company seeking
funds allegedly held for defendants. Capitol Sav-

REFERENCES FOR POINTS IN HEADNOTES
[1] 53 Am Jur 2d, Mechanics' Liens § 65.
[2] 28 Am Jur 2d, Escrow § 8.
[3] 28 Am Jur 2d, Escrow §§ 10, 35.

ings and Loan Association, Lawyers Title Insurance Company and Honey Brook Company, Inc., were added as necessary parties. Writ dismissed. Plaintiff appeals. Affirmed.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *John H. Schomer* and *Gail F. Schulz),* for City Bank & Trust Company.

*Cummins, Butler & Thorburn,* for Brooks Abstract Company, Lawyers Title Insurance Company, and Capitol Savings & Loan Association.

*Anderson, Carr, Street & Hornbach,* for Honey Brook Company.

Before: DANHOF, P. J., and V. J. BRENNAN and M. J. KELLY, JJ.

M. J. KELLY, J. In October, 1972, Honey Brook Co., Inc., and Kwaske Brothers Construction Co., Inc., entered into two contracts for the construction of the Oakbrook Village Townhouse Project. At about the same time, the same parties formed a joint venture for the purposes of financing the Oakbrook project beyond the available mortgage financing. An estimated $100,000 was needed. The parties were to make equal contributions but Kwaske was not to be required to contribute more than $50,000.

In a complaint *(non sub judice),* dated December 20, 1974, filed in Ingham County Circuit Court, Honey Brook charged Kwaske with being in default on the construction contracts, having failed to pay some of its suppliers and contractors with the result that statements of account and liens were filed against the project. The complaint

sought damages, dissolution of the partnership and an accounting. Kwaske denied the allegations contained in the complaint and cross complained against Honey Brook for breach of contract.

Earlier, plaintiff City Bank had commenced this suit on December 5, 1973, against the Kwaske Brothers Construction Co. and the individual Kwaskes for repayment of monies loaned. An order entered January 4, 1974, permitted plaintiff to issue pre-judgment writs of garnishment. On September 5, 1974, plaintiff and the Kwaske Brothers Construction Co. stipulated to the entry of summary judgment against the defendants for $66,478.68 and judgment was entered September 6, 1974.

A pre-judgment writ of garnishment was served upon Brooks Abstract Co. on October 25, 1974.[1] The affidavit for writ of garnishment stated that Kwaske was indebted to plaintiff on unsecured notes totaling $150,000 and that plaintiff was apprehensive that it would lose its claim if the writ was not issued.

In its disclosure, Brooks denied liability to the principal defendant. In response to interrogatories Brooks stated that the balance of the mortgage funds committed by Capitol Savings had been transferred to Brooks by check "as agent for Lawyers Title Insurance Corp. and the Honey Brook Co., Inc.". The funds had been transferred to Brooks as agent in order to induce Lawyers Title to insure the mortgage of Capitol Savings as a valid first lien on the property against several recorded mechanics' liens. The funds were to be held as security and used solely for the purpose of

---

[1] The use of a pre-judgment writ of garnishment was irregular because a judgment had already been entered. This error was not remarked below nor assigned on appeal. We do not address it.

discharging mechanics' liens; any funds remaining were to be used for completion of the project.

On February 19, 1975, the trial court entered an order adding Honey Brook, Capitol Savings and Lawyers Title as necessary parties. The three added parties moved for dismissal of the writ; Brooks made a motion for summary judgment on the basis that there existed no issue of material fact. In an opinion dated April 1, 1975, the trial court found for the defendants. The court held that the money was in the nature of a trust fund and, as such, could not be garnisheed until the rights of all parties to the funds were adjudicated and made certain, citing *Meier v Blair,* 287 Mich 13; 282 NW 884 (1938). Plaintiff appeals.

Plaintiff contends that *Meier v Blair, supra,* is not controlling for several reasons. We agree that it is not controlling, but do not believe that a lengthy discussion is necessary. Suffice it to say that *Meier v Blair* dealt with a trust, and we do not believe that the position held by Brooks Abstract was one of trustee. We hold rather that Brooks Abstract was acting as an escrow agent.

An escrow has been defined as a scroll, writing or deed, delivered by the grantor, promisor or obligor into the hands of a third person, to be held by the latter until the happening of a contingency or performance of a condition, and then by him delivered to the grantee, promisee or obligee. Black's Law Dictionary (4th ed), p 641.

It has been held in this state that, in addition to written instruments, money may be the subject of an escrow agreement. *Edward Rose Sales Co v Shafer,* 41 Mich App 105; 199 NW2d 655 (1972). Furthermore an escrow executed and deposited upon a valuable consideration is not revocable by the depositor except according to the terms of the

agreement and deposit. *Ripley v Lucas,* 267 Mich 682; 255 NW 356 (1934).

In the case at bar, Capitol Savings, Lawyers Title Insurance Corp. and its agent, Brooks Abstract, and the Honey Brook Co., Inc., entered into an agreement whereby the remaining mortgage funds in the hands of Capitol Savings would be placed in a fund to discharge several recorded mechanics' liens against the Oakbrook Village project, thus benefitting Honey Brook. Capitol Savings also benefitted because Lawyer's Title agreed to insure Capitol Savings' mortgage as a valid first lien on the property against the mechanics' liens. Thus valuable consideration ran to all parties, and the agreement became irrevocable until all mechanics' liens against the property were discharged. At that time, the remaining funds, if any, would be turned over to Honey Brook for construction purposes.

Although we are cited no Michigan authority as to whether money in escrow can be reached by garnishment, several other states have taken the position that it cannot. See Annotation, *Garnishment of money in escrow,* 10 ALR 741, and cases cited therein. See also *K-M Auto Supply, Inc v Reno,* 236 A2d 706; 35 ALR 3d 1090 (Del, 1967). In that case, the plaintiff creditor attempted to attach $1,000 which the judgment debtor had placed with his attorney. The debtor-client had instructed the attorney to pay over the $1,000 to a swimming pool contractor in settlement of previous unrelated litigation, if and when the contractor corrected allegedly faulty workmanship in the debtor's swimming pool. The court noted that the condition under which the money was to be turned over to the swimming pool contractor had not been met at the time of the garnishment. The court held that

the test of the right to garnishment is whether the client could bring suit for return of the money, and that since there had been no showing negating the continued validity of the escrow, the client could not have demanded a refund, and therefore the fund was not subject to attachment at the hands of the client's creditor.

The same rationale applies in the case at bar. Honey Brook could not have reached the escrowed funds,[2] except for the limited purpose of paying the holders of mechanics' liens upon receipt of a discharge or settlement with them. Therefore we hold that the funds held in escrow could not be attached by the plaintiff and the trial judge properly granted judgment under GCR 1963, 117.2(3). He reached the correct result. We express no opinion as to the numerous other issues briefed by the parties in this case, since consideration of this single issue is sufficient to dispose of the case.

Judgment affirmed. Costs to appellees.

---

[2] Had the terms of the escrow been completed or aborted, a different result would very likely obtain.