CITY BANK AND TRUST COMPANY v KWASKE BROTHERS
CONSTRUCTION COMPANY

OPINION OF THE COURT

1. GARNISHMENT—COSTS—SUMMARY JUDGMENT—COURT RULES.

The court rule pertaining to costs in a garnishment proceeding
controls over other subsections of the same general court rule
whenever a garnishment action is involved; where a garnish-
ment action ends in summary judgment the more specific rule
pertaining to costs in a garnishment proceeding controls and
the subsection covering costs in summary judgments is inappli-
cable (GCR 1963, 526.7, 526.9[1]).

2. GARNISHMENT—ATTORNEY FEES—GARNISHMENT EXPENSES—COURT
RULES.

A judge in garnishment proceedings, where the issue of the
garnishee's liability to the principal defendant is not brought to
trial, may award the garnishee as costs against the plaintiff
such reasonable attorney's fees as the garnishee incurred in
filing his disclosure and other necessary expenses; this rule
does not limit attorney fees to those incurred in filing the
disclosure, but permits these fees as well as other necessary
expenses incurred by attorney and client alike (GCR 1963,
526.9[1]).

DISSENT BY M. J. KELLY, P. J.

3. GARNISHMENT—ATTORNEY FEES—EXPRESS AUTHORIZATION—LIMITA-
TION OF FEES—COURT RULES.

*Attorney fees are not generally recoverable unless expressly
authorized by statute or court rule, and where a court rule
departs from the usual catchall phrase of "including reasonable
attorney fees" and speaks instead of fees actually incurred in
filing a disclosure in a garnishment action, the court contem-
plated less than all reasonable attorney fees and limited the*

REFERENCES FOR POINTS IN HEADNOTES
[1–5] 6 Am Jur 2d, Attachment and Garnishment § 407.
20 Am Jur 2d, Courts §§ 82–86.

*fees recoverable to only those incurred in the filing of the disclosure (GCR 1963, 526.9[1]).*

4. Courts—Court Rules—Interpretation—Construction.

*Court rules must be read according to the plain language of the rule, giving effect to the meaning of the words as they ought to have been understood by those who adopted them; a court rule should be interpreted so that every word, phrase, clause, and sentence of the provision to be construed must be given force and effect and no word, phrase, or clause should be rendered nugatory.*

5. Garnishment—Costs—Attorney Fees—Garnishment Expenses— Other Necessary Expenses—Court Rules.

*The court rule governing garnishment costs states, "such reasonable attorney fees as the garnishee incurred in filing his disclosure and other necessary expenses", the phrase "other necessary expenses" refers to the expenses of the garnishee and should not be interpreted as expanding attorney fees recoverable beyond the fees incurred in filing the disclosure (GCR 1963, 526.9[1]).*

Appeal from Jackson, Charles Falahee, J. Submitted May 10, 1977, at Lansing. (Docket No. 30246.) Decided September 7, 1977. In lieu of leave to appeal, reversed and remanded to the circuit court, 402 Mich —.

Complaint by City Bank and Trust Company against Kwaske Brothers Construction Company, Gerald Kwaske, Kathleen Kwaske, Eugene Kwaske, Jane Kwaske, and Ernest L. Kwaske for repayment of money loaned. Summary judgment for plaintiff. A writ of garnishment was served by plaintiff against Brooks Abstract Company seeking funds allegedly held for defendants. Capital Savings & Loan Association, Lawyers Title Insurance Company and Honey Brook Company were added as necessary parties. Writ dismissed. Plaintiff appeals. Affirmed, 69 Mich App 271. Order issued allowing Brooks Abstract Company costs and attorney fees. City Bank and Trust Company appeals this order. Affirmed.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *John H. Schomer),* for City Bank and Trust Company.

*Cummins & Cummins,* for Brooks Abstract Company.

Before: M. J. KELLY, P. J., and ALLEN and D. E. HOLBROOK, JR., JJ.

D. E. HOLBROOK, JR., J. City Bank and Trust Company appeals an order of the lower court allowing costs and attorney's fees of $3,731.20 in favor of Brooks Abstract Company. A detailed recounting of the facts in this case appears in *City Bank & Trust Co v Kwaske Brothers Construction Co,* 69 Mich App 271; 244 NW2d 443 (1976). Suffice it to say for purposes of this case that the garnishee defendant, Brooks Abstract Company, prevailed via summary judgment in the lower court to the effect that there was a finding of no liability to the principal defendant.

The taxation of costs from the garnishment proceedings is the issue to which we address ourselves. In doing so, we affirm the result reached by the lower court.

The applicable court rule, GCR 1963, 526.9, pertaining to costs in a garnishment proceeding, controls over other subsections of GCR 526 whenever a garnishment action is involved. Plaintiff urges us to apply subsection 526.7 (Costs on Summary Judgment) on the premise that even though this case is a garnishment proceeding it did, in fact, end in summary judgment. A holding of that sort would contravene the general rule followed by Michigan courts that the more specific rule controls. See *Reed v Secretary of State,* 327 Mich 108;

41 NW2d 491 (1950). Accordingly we find that 526.9 was correctly called into application.

Within 526.9(1) plaintiff argues that attorney's fees should be limited to those incurred in filing the disclosure.[1] Instead we understand the court rule as permitting those fees *as well as* other necessary expenses incurred by attorney and client alike.

Affirmed.

ALLEN, J., concurred.

M. J. KELLY, P. J. *(dissenting)*. I dissent.

As a general rule attorneys' fees are not awarded "unless allowance of a fee is expressly authorized by statute or court rule". *State Farm Mutual Automobile Insurance Co v Allen,* 50 Mich App 71; 212 NW2d 821 (1973). In the instant case we have a court rule which provides expressly for an allowance of attorney fees; GCR 1963, 526.9(1), states:

"The judge in awarding costs may (1) in case the issue of the garnishee's liability to the principal defendant is not brought to trial, award the garnishee as costs against the plaintiff such reasonable attorney's fees as the garnishee incurred in filing his disclosure and other necessary expenses."

Instead of a catchall phrase such as "including reasonable attorney fees" which is used in most of

---

[1] ".9 Costs in Garnishment Proceedings. Costs in garnishment proceedings shall be allowed as in civil actions. The judge in awarding costs may

"(1) in case the issue of the garnishee's liability to the principal defendant is not brought to trial, award the garnishee as costs against the plaintiff such reasonable attorney's fees as the garnishee incurred in filing his disclosure and other necessary expenses."

the court rules which allow recovery of such fees,[1] the Court has opted to adopt language which limits the fees to those "incurred in filing his disclosure". The majority finds that the additional phrase "and other necessary expenses", is to be construed as expenses incurred by attorney and client alike. Since GCR 1963, 526.9(1) must be read "according to the plain language [of the rule], giving effect to the meaning of the words as they ought to have been understood by those who adopted them", *Buscaino v Rhodes,* 385 Mich 474; 189 NW2d 202 (1971), it appears to me that the Court contemplated less than all reasonable attorney fees when it limited its language to "reasonable attorney's fees as the garnishee incurred in filing his disclosure". The court rule should be interpreted so that "every word, phrase, clause, and sentence of the provision to be construed must be given force and effect and no word, phrase, or clause shall be rendered nugatory". *Chrysler Corp v Washington,* 52 Mich App 229, 237; 217 NW2d 66, 69 (1974), *lv den,* 399 Mich 859 (1977).

Attorney fees are not generally recoverable unless *expressly* authorized by statute or court rule. The phrase, "other necessary expenses", refers to expenses of the garnishee and should not be interpreted as expanding on the attorney fees recoverable.

I would reverse and remand for the trial court to tax only those attorney's fees incurred in filing the disclosure, and it would appear that such fees would encompass only the first two and one-half lines of exhibit B, the attorney fee statement attached to appellant's brief: "Receipt of writ of

---

[1] GCR 1963, 111.6; 116.5(117.3); 306.7(1); 306.7(2); 313.1(3); 313.1(4); 404; 406; 407; 526.7(2); 726.1(1) providing in part that either party may request that the court order the other spouse to pay an attorney the sum specified as necessary to enable that party to carry on or defend the suit; 735.3; 749.4; 750.4; 816.5(2).

garnishment, fact investigation, preparation and filing of garnishee disclosure denying liability."[2]

---

[2] The trial court relied upon a statement contained in 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 88, which failed to mention the limiting language of GCR 1963, 526.9(1) and which I believe to be deficient in that omission.