VAN ANTWERP v. STATE.

1. APPEAL AND ERROR—ORDER GRANTING MOTION TO DISMISS—WELL-PLEADED ALLEGATIONS OF FACT ACCEPTED AS TRUE.

Well-pleaded allegations of fact in petition setting forth alleged cause of action against State for commitment to State hospitals under void commitment proceedings must be accepted as true on appeal from order granting State's motion to dismiss.

2. JUDGMENT—INJUNCTION—ACTION AGAINST STATE—STATUTES.

A decree enjoining the State commissioner of revenue from instituting any proceeding against plaintiff to recover because of expenditures by the State in caring for him in State institutions because commitments thereto were void cannot be regarded as creating any new right of action in plaintiff or as imposing on the State any liability in addition to that, if any, created through legislative enactment.

3. STATUTES—INTERPRETATION—INTENT.

The primary purpose of rules governing the interpretation of statutes is to ascertain and give effect to the intention of the legislature.

4. SAME—UNAMBIGUOUS LANGUAGE RENDERS INTERPRETATION UNNECESSARY.

A bare reading of a statute suffices and no interpretation is

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error §§ 944, 945.
[2] 28 Am Jur, Insane and Other Incompetent Persons §§ 41, 43.
[3] 50 Am Jur, Statutes § 223.
[4] 50 Am Jur, Statutes § 225.
[5] 50 Am Jur, Statutes §§ 357, 363.
[6] As to strict or liberal construction, see 50 Am Jur, Statutes § 384.
[8–11] 49 Am Jur, States, Territories, and Dependencies § 78.
[12–14, 16] 49 Am Jur, States, Territories, and Dependencies §§ 76, 77.
[15] 50 Am Jur, Statutes §§ 442–445.
[16] 49 Am Jur, States, Territories, and Dependencies §§ 91, 97.

necessary, if the language employed therein is plain, certain and unambiguous.

5. SAME—CONSTRUCTION OF ACT AS A WHOLE.

Effect must be given, if possible, to every word, sentence and section when construing a statute and to that end, the entire act must be read, and the interpretation to be given to a particular word in one section arrived at after due consideration of every other section so as to produce, if possible, a harmonious and consistent enactment as a whole.

6. STATES—COURT OF CLAIMS ACT—CONSTRUCTION OF STATUTES.

The question of intent of the court of claims act, whereby a means was afforded of presenting claims against the State, was not left to be determined by general rules of construction by reason of the specific statement that the act was not to be construed as enlarging the present liabilities of the State and any of its agencies which provision functioned as a guide for observance by the courts in the interpretation of such act (PA 1939, No 135, § 24).

7. SAME—COURT OF CLAIMS ACT—SOVEREIGN IMMUNITY—WAIVER.

The court of claims act did not waive or abrogate the right of the State to rely on its sovereign immunity (PA 1939, No 135).

8. SAME—WAIVER OF IMMUNITY FROM ACTION.

A State does nothing more than waive its immunity from action by consenting to be sued and does not thereby concede its liability in favor of the claimant or create a cause of action in his favor which did not theretofore exist.

9. SAME—LIABILITY FOR TORTS—STATUTORY CONSENT TO BE SUED.

Liability of the State for tort cannot be predicated upon the fact that the State has entered its general statutory consent to be sued and directing the manner in which suits may be brought by those having claims against the State (PA 1939, No 135).

10. SAME—CLAIMS AGAINST STATE—STATUTES.

A special statute permitting suits against the State on particular claims does not concede the justice of such claims.

11. SAME—CONSENT TO BE SUED—JURISDICTION—INTERPOSITION OF DEFENSES.

Statutory consent to sue the State merely gives a remedy to enforce a liability and submits the State to the jurisdiction

of the court, subject to its right to interpose any lawful defense.

12. SAME—LIABILITY FOR TORTS—CONSENT.
   The State is liable for the torts of its officers, agents or servants only upon its clear and definite consent.

13. SAME — TORTS — WAIVER OF LIABILITY — STATUTES — VESTED RIGHTS.
   Plaintiff who failed to make it appear that any cause of action arose or became vested in his behalf for void commitments during period when court of claims act was amended so as to waive immunity from liability for the torts of its officers and employees with certain exceptions not here applicable, may not rely upon the statute as so amended, where it has since been repealed (PA 1939, No 135, § 24, as amended by PA 1943, No 237, and repealed by PA 1945, No 87).

14. SAME—COURT OF CLAIMS ACT—LIABILITY FOR TORTS—VOID COMMITMENT—CONSTRUCTION OF STATUTES.
   Fact that section of court of claims act declaring that it was not to be construed as enlarging present liabilities of the State or its agencies was repealed did not subject the act to an interpretation so as to include liability for void commitments in State institutions, where the repealing act itself set forth a specific class of torts upon which immunity from liability was waived and such class did not include liability for void commitments to State institutions (PA 1939, No 135, § 24, as amended by PA 1943, No 237, and repealed by PA 1945, No 87).

15. STATUTES—AMENDMENTS—JUDICIAL CONSTRUCTION.
   Amendments to statutes which include language previously used and which have been subjected to judicial construction are presumed to have been adopted in the light of the prior construction placed on such provision.

16. STATES—TORTS—INTENT.
   Liability on the part of the State in actions *ex delicto* may result only from affirmative legislation clearly manifesting such intent.

17. SAME—CONSTRUCTION OF STATUTES—AMENDMENTS.
   Statute amending section of court of claims act relating to jurisdiction of the court to hear claims *ex contractu* and *ex delicto* against the State and another statute expressly waiving immunity from liability as to torts committed with State-owned motor vehicles and which latter statute ex-

pressly repealed a provision of the court of claims act relating to waiver of immunity from liability must· be construed together, where they became effective simultaneously and relate to the same subject matter (PA 1939, No 135, § 8, as amended by PA 1941, No 137 and PA 1945, No 199; § 24, as amended by PA 1943, No 237, and repealed by PA 1945, No·87).

18. Same—Court of Claims Act—Waiver of Immunity from Liability for Torts—Void Commitment.

Section of court of claims act vesting the court with jurisdiction to hear actions *ex contractu* and *ex delicto* against the State is not construed as waiving State's immunity from liability for tort of committing plaintiff to State institutions under void commitments (PA 1939, No 135, § 8, as amended by PA 1931, No 137 and PA 1945, No 199).

Appeal from Court of Claims; Spier (James E.), J., presiding. Submitted June 6, 1952. (Docket No. 47, Calendar No. 44,828.) Decided October 6, 1952.

Action by Lyle S. Van Antwerp against the State of Michigan and another for damages for alleged void commitment to State hospitals. Motion to dismiss granted. Plaintiff appeals. Affirmed.

*Lyle S. Van Antwerp,* in pro. per., and *Conlin, Conlin & Parker,* for plaintiff.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara* and *Meredith H. Doyle,* Assistants Attorney General, for defendant.

Carr, J. Under date of December 16, 1948, the plaintiff instituted an action in the court of claims to recover a judgment for damages against the State of Michigan. From the petition filed by him it appears that his alleged cause of action was based on certain proceedings in the probate court of Kent county which resulted in his commitment to the State

psychopathic hospital at Ann Arbor for a period of 35 days, and subsequently to an adjudication that he was an insane person, followed by his commitment to the Kalamazoo State hospital. Plaintiff asserted in his pleading that as a result of such actions he sustained damages, that the proceedings against him were null and void because of the failure of the court to observe provisions of the statute relating thereto, and that, in consequence, the State of Michigan is liable for the various elements of damage sustained by him, as set forth in his bill of particulars.

Defendant moved to dismiss the case on the general ground that the facts stated were not sufficient "to constitute a valid cause of action against said defendant." The motion was granted, the trial judge concluding that under pertinent statutory provisions relating to the court of claims defendant was not precluded from raising the defense of governmental immunity, that the acts of the probate judge of Kent county of which the plaintiff complained were judicial acts for which the State cannot be held liable, and that the proceeding in the court of claims was not seasonably instituted. Plaintiff has appealed from the order of dismissal.

The case having been disposed of in the trial court on the issues raised by the motion, the well-pleaded allegations of fact in plaintiff's petition must be accepted as true. It appears therefrom that on the 10th of June, 1927, plaintiff's father filed in the probate court of the county of Kent a petition seeking plaintiff's commitment to the State psychopathic hospital at the University of Michigan. Such order of commitment was made for a period not exceeding 35 days. Subsequently and under date of April 6, 1928, plaintiff's father filed a second petition in the probate court alleging that plaintiff was insane and seeking his admission to the Kal-

amazoo State hospital for treatment. As a result of the proceedings taken, plaintiff was so committed as a public patient. The petition further alleges that the proceedings and orders of the Kent county probate court were null and void, and in violation of plaintiff's constitutional rights because the petition by which the proceedings were instituted was insufficient, no hearing to determine the matter of insanity was held, and plaintiff was denied the right to be present at a proper hearing held pursuant to the statute. Reference is made to PA 1923, No 151, § 11, which, as amended by PA 1925, No 283, was in force and effect at the time of the commitment.[*] The petition alleges that by reason of the void proceedings plaintiff was injured in his reputation, was wrongfully deprived of his liberty, and has sustained financial losses.

Attached to the petition is a decree rendered by the circuit court for the county of Washtenaw on the 13th day of June, 1947. The record indicates that plaintiff herein brought suit against the commissioner of revenue of the State for injunctive relief. The case was not contested, defendant's default being taken. The decree entered declared the orders and commitments of the probate court for the county of Kent, referred to by plaintiff in his petition, to be null and void, and recited that plaintiff had been deprived of his constitutional rights to his damage. In terms he was authorized to assert in any court of the State "any cause of action which may inure to him" because of the void commitments; and the defendant, the commissioner of revenue, was enjoined from instituting any proceeding against plaintiff to recover because of the expenditures by the State in caring for him in the State institutions.

---

[*] See CL 1948, § 330.21, as amended by PA 1949, No 313 (Stat Ann 1951 Cum Supp § 14.811). Amendments made since plaintiff's commitment in 1927 are not involved in the controversy.

Approximately 6 months after the entering of the default decree a motion to set it aside was denied. Plaintiff apparently relies to some extent on the recitals in such decree. Obviously, however, the statements referred to cannot be regarded as creating any new right of action in his behalf, or as imposing on the State any liability in addition to that, if any, created through legislative enactment.

The primary question at issue is whether the State of Michigan has by statute waived the right to assert governmental immunity in cases of the character here involved, and has subjected itself to liability therein. The court of claims was created, and its jurisdiction defined, by PA 1939, No 135, which, as subsequently amended, appears as CL 1948, § 691.101 *et seq.*, as amended by PA 1948 (1st Ex Sess), No 47, and PA 1949, No 253 (Stat Ann 1951 Cum Supp § 27.3548[1] *et seq.*). In section 8 of the act as originally passed in 1939 the court was given power:

"To hear and determine all claims and demands, liquidated and unliquidated, *ex contractu* and *ex delicto*, against the State and any of its departments, commissions, boards, institutions, arms or agencies."

Said section 8 (CL 1948, § 691.108 [Stat Ann 1951 Cum Supp § 27.3548(8)]) was amended in certain respects not material in the instant case by PA 1941, No 137, and PA 1945, No 199. The clause, above quoted, was not changed in any way. Plaintiff relies thereon, asserting that under its terms the State is liable to him for the damages alleged in his petition, and that the State has thereby waived its right to raise against him the defense of governmental immunity.

The question at issue is in effect one of statutory interpretation. In *City of Grand Rapids* v. *Crocker,* 219 Mich 178, 182, 183, it was said:

"There seems to be no lack of harmony in the rules governing the interpretation of statutes. All are agreed that the primary one is to ascertain and give effect to the intention of the legislature. All others serve but as guides to assist the courts in. determining such intent with a greater degree of certainty. If the language employed in a statute is plain, certain and unambiguous, a bare reading suffices and no interpretation is necessary. The rule is no less elementary that effect must be given, if possible, to every word, sentence and section. To that end, the entire act must be read, and the interpretation to be given to a particular word in one section arrived at after due consideration of every other section so as to produce, if possible, a harmonious and consistent enactment as a whole."

See, also, *Gardner-White Co.* v. *State Board of Tax Administration,* 296 Mich 225; *In re Chamberlain's Estate,* 298 Mich 278; *In re Petition of Bryant,* 323 Mich 424.

On the specific point in issue here the legislature, in the enactment of PA 1939, No 135, did not leave the question of intent to be determined by the application of general rules of construction. In section 24 of said act it was specifically provided:

"This act shall in no manner be construed as enlarging the present liabilities of the State and any of its departments, commissions, boards, institutions, arms or agencies." (CLS 1940, § 13862–24, Stat Ann 1942 Cum Supp § 27.3548[24]).

It will be noted that the quoted section was not in the form of a limitation on, or an exception to, any other specific provision or provisions of the act, but, rather, was a general statement with reference to the legislative purpose in the adoption of the act, and a guide for observance by the courts in its interpretation. It was accordingly held in *Manion* v. *State Highway Commissioner,* 303 Mich 1,

and in *Mead* v. *Michigan Public Service Commission,* 303 Mich 168, that the legislature, by the court of claims act, had not waived or abrogated the right to rely on its sovereign immunity. See, also, *McNair* v. *State Highway Department,* 305 Mich 181.

It is a fair inference that the legislature in declaring that it was not its intention to enlarge the then existing liability of the State and its agencies had in mind the commonly accepted rule with reference to sovereign immunity. In 49 Am Jur, pp 315, 316, it is said:

"It is well established that by consenting to be sued the State does nothing more than waive its immunity from action. It does not thereby concede its liability in favor of the claimant or create a cause of action in his favor which did not theretofore exist. Thus, liability of the State for tort cannot be predicated upon the fact that the State has entered its general statutory consent to be sued, directing the manner in which suits may be brought by those having claims against the State. Neither does a special statute permitting suits on particular claims concede the justice of the claims. Statutory consent to be sued merely gives a remedy to enforce a liability and submits the State to the jurisdiction of the court, subject to its right to interpose any lawful defense."

In an annotation appearing in 169 ALR, p 105 *et seq.* many decisions relating to the question at issue are cited and discussed. The holdings are summarized in the following statement there made:

"The decisions discussed herein add further support to the uncontroverted proposition noted in the earlier annotation that a general statute authorizing suits against the State does not permit a recovery in actions in tort, upon the principle that the State is not liable for the torts of its officers, agents, or

servants, and it will only be so liable upon its clear and definite consent."

The general principle recognized is in accord with the decisions of this Court. *Board of Supervisors of Sanilac County* v. *Auditor General,* 68 Mich 659, 665; *McDowell* v. *Warden of Michigan Reformatory at Ionia,* 169 Mich 332, 337. See, also, *United States* v. *Sherwood,* 312 US 584 (61 S Ct 767, 85 L ed 1058).

Plaintiff concedes in his brief that under the act of 1939 as originally passed the State could avail itself of the defense of governmental immunity in tort actions brought against it in the court of claims. It is claimed, however, that the act in its present form should not be so construed because section 24, above quoted, was amended by PA 1943, No 237, and was repealed by PA 1945, No 87. As so amended, it read as follows:

"Upon the happening of any event subsequent to November 1, 1943, which gives rise to a cause of action, the State hereby waives its immunity from liability for the torts of its officers and employees and consents to have its liability for such torts determined in accordance with the same rules of law as apply to an action in the circuit court against an individual or a corporation, and the State hereby assumes liability for such acts, and jurisdiction is hereby conferred upon the court of claims to hear and determine all claims against the State to recover damages for injuries to property or for personal injury caused by the misfeasance or negligence of the officers or employees of the State while acting as such officer or employee. Such claim must be submitted pursuant to procedural provisions of the court of claims act. The provisions of this act shall not apply to (a) any claim for injury to or death of a prisoner, or for services rendered while an inmate of a penal institution; (b) any claim arising out of the injury to or death of an inmate of

any State institution in connection with the rendition of medical or surgical treatment; (c) any claim for property damage or personal injury caused by the Michigan State troops and/or the national guard when called into the service of the State." (CLS 1945, § 13862–24; Stat Ann 1944 Cum Supp § 27.3548 [24]).

In *Benson* v. *State Hospital Commission,* 316 Mich 66, the constitutionality of said section, as amended, was sustained against the objection that it was not within the scope of the title of the act and, hence, violated article 5, § 21, of the State Constitution. There the cause of action arose while the amendment enlarging the liability of the State was in effect. It also appears that the action was brought in the court of claims and an appeal taken to this Court prior to the repeal of the section by the act of 1945, above cited. Since plaintiff seems to rely on this decision, it may be further noted that under the averments of his petition it does not appear that any cause of action in his behalf against the State, under the above-quoted amendment, arose during the period that it was in effect. He raises no question based on the theory that he became vested with rights of which he may not be deprived by virtue of any provision of the statute that has since been repealed.

As above stated, section 24 of the court of claims act, as amended by PA 1943, No 237, was expressly repealed by PA 1945, No 87. Apparently by way of substitution for such repealed section, the following provision was enacted:

"In all actions brought in the court of claims against the State of Michigan to recover damages resulting from the negligent operation by an officer, agent or employee of the State of Michigan of a motor vehicle of which the State of Michigan is owner as defined by Act No 302 of the Public Acts

of 1915, as amended, the fact that the State of Michigan was in the ownership or operation of such motor vehicle, engaged in a governmental function, shall not be a defense to such action: Provided, however, That this act shall not be construed to impose upon the State of Michigan a liability other or greater than the liability imposed upon other owners of motor vehicles by the provisions of Act No 302 of the Public Acts of 1915, as amended." (CL 1948, § 691.141 [Stat Ann 1951 Cum Supp § 27.-3548(41)].)

In substance, it is appellant's claim that with section 24 eliminated from the original act the provision of section 8, above quoted, becomes subject to a broader interpretation than was previously given it, and that it must now be construed as imposing liability on the State in all actions, *ex contractu* and *ex delicto,* and as abrogating the doctrine of governmental immunity in all such cases. Such claim is not justified by a fair interpretation of the language of the provision, nor is it in accord with the intent evidenced by legislative action. As before pointed out, section 24, as originally enacted, was not in the nature of a limitation on the provision of section 8 in question here, but was a legislative declaration of intention. The statute, including section 8, was construed accordingly. When the provision on which appellant relies was reenacted in PA 1941, No 137, and again in PA 1945, No 199, it must be presumed that the action was taken in the light of the prior construction placed on such provision and with the intent in mind, since there was no change in language, to adopt such construction, which was, obviously, in accord with the legislative intent existing at the time of the creation of the court of claims. *McEvoy* v. *City of Sault Ste. Marie,* 136 Mich 172; *In re Chamberlain's Estate, supra; Knapp* v. *Palmer,* 324 Mich 694.

If, as appellant argues, the quoted provision of section 8 became subject to a new interpretation on the amendment of section 24, as adopted at the session of 1943, it is apparent that the object sought by such amendment might have been attained by a simple repeal. Apparently such was not the legislative theory. Acting on the principle that liability on the part of the State in actions *ex delicto* may result only from affirmative legislation clearly manifesting such intent, the amendment was adopted in the form hereinbefore quoted.

The conclusion would seem to follow, under plaintiff's theory, that the attempt of the legislature by the enactment of PA 1945, No 87, § 1, to limit the liability of the State to cases of the character specified therein was ineffective to accomplish such purpose. If by virtue of the provision in section 8 the State is liable in all actions *ex delicto* for the tortious conduct of its officers, agents, and employees, liability because of the negligent operation of State-owned and operated motor vehicles obviously would be included. In this connection it may be noted that said Act No 87 became operative on September 6, 1945, and that Act No 199 of the same year, which reenacted the provisions of section 8 of the court of claims act, on which appellant relies, went into effect the same day. Relating to the same subject matter they must be construed together for the purpose of determining the legislative intent. *Reed v. Secretary of State,* 327 Mich 108; *Michigan Good Roads Federation v. State Board of Canvassers,* 333 Mich 352. The conclusion follows that the provision of section 8 in question here may not be given the effect claimed by plaintiff.

The theory on which appellant relies is at variance with settled rules of statutory construction, and with the clearly expressed intention of the legislature with reference to the matter at issue. The claim that the

State of Michigan has by statute waived the right to rely on its sovereign immunity in the instant case is not tenable. The provision of section 8 of the court of claims act, above quoted, may not be construed as claimed by appellant. Such conclusion renders it unnecessary to consider the other questions in the case.

The order of the trial court dismissing plaintiff's petition is affirmed.

DETHMERS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.