PEOPLE v IEHL

Docket No. 44563. Submitted April 2, 1980, at Grand Rapids.—Decided September 16, 1980.

Bernard L. Iehl was convicted of wilfully and maliciously killing a dog owned by another in the Allegan Circuit Court, George R. Corsiglia, J. Defendant appeals. *Held:*

1. A dog is a "beast" within the meaning of the statute making it a crime to "wilfully and maliciously kill, maim or disfigure any horses, cattle or any other beasts of another".

2. The trial court did not commit reversible error in instructing the jury that they could convict only if they found that defendant acted with malice toward the dog or its owner. The court erred in instructing that the malice had to be directed toward anyone, but, since it added a new element to the prosecutor's case and made conviction more difficult, the error was harmless.

3. Hearsay evidence, not properly admissible as corroborating testimony, was admissible to rehabilitate a witness's credibility following impeachment.

4. The prosecutor did not abuse his discretion in charging defendant with a felony even though a misdemeanor statute may also have applied.

Affirmed.

1. WORDS AND PHRASES — CRIMINAL LAW — STATUTES — "BEASTS".

A dog is a "beast" within the meaning of the statute making it a crime to "wilfully and maliciously kill, maim or disfigure any horses, cattle or any other beasts of another" (MCL 750.377; MSA 28.609).

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Animals § 1.
[2] 73 Am Jur 2d, Statutes § 187.
[3] 21 Am Jur 2d, Criminal Law §§ 86-88.
    73 Am Jur 2d, Statutes § 206.
[4] 75 Am Jur 2d, Trial §§ 573, 604 *et seq.*
[5] 63 Am Jur 2d, Prosecuting Attorneys § 25.

2. Statutes — Statutory Construction — In Pari Materia.

   Statutes which relate to the same person or things or to the same class of persons or things and which have a common purpose are said to be *in pari materia* and must be construed consistently.

3. Criminal Law — Statutes — Words and Phrases — "Wilfully and Maliciously" — Criminal Jury Instructions.

   The phrase "wilfully and maliciously" in a criminal statute means that the defendant (1) committed the act, (2) while knowing it to be wrong, (3) without just cause or excuse, and (4) did it intentionally or (5) with a conscious disregard of known risks to the property of another (CJI 32:1:01).

4. Criminal Law — Appeal — Instructions to Jury.

   A criminal trial court does not commit reversible error in instructing a jury where the instruction added another element, making it more difficult to convict the defendant.

5. Criminal Law — Prosecutors — Discretion — Instituting.

   A prosecutor has broad discretion in determining under which of two applicable statutes a prosecution shall be instituted and, where the statutes are distinct in scope and purpose, the prosecutor does not abuse his discretion by charging the accused with the greater offense.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Fred R. Hunter, III,* Prosecuting Attorney, and *Mary C. Smith,* Assistant Attorney General, Prosecuting Attorney's Appellate Service, for the people.

*Joseph J. Jerkins* and *James F. Bauhof,* for defendant.

Before: D. E. Holbrook, Jr., P.J., and T. M. Burns and E. E. Borradaile,* JJ.

Per Curiam. Defendant appeals of right his January 17, 1979, jury conviction of wilfully and maliciously killing a dog owned by another. MCL 750.377; MSA 28.609. On February 16, 1979, defen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

dant was sentenced to a term of one year in the Allegan County jail. We affirm.

Defendant first argues that the lower court erred in not granting his motion to vacate his conviction on the ground that a dog is not a beast within the intent of the statute under which he was convicted. We disagree.

The statute under which defendant was convicted makes it a crime for any person to "wilfully and maliciously kill, maim or disfigure any horses, cattle or any other beasts of another * * *". Although neither Michigan statute nor case law appears to have explicitly defined the term "beast" in a manner that would include dogs, we note that a criminal statute prohibiting the placement of poisonous substances in places where they are liable to be eaten by "beasts", MCL 750.437; MSA 28.692, specifically provides that, "any person who shall expose any known poisonous substance, whether mixed with meat or other food or not, so that the same shall be liable to be eaten by any horses, cattle, *dogs or other beasts* of another, shall be guilty of a misdemeanor * * *". (Emphasis supplied.)

Both of these statutes were enacted in 1931 at the same legislative session. See, 1931 PA 328, §§ 377 and 437. Statutes, such as these, which were enacted by the same Legislature, which went into effect on the same date, and which relate to the same subject matter, must be construed together for purposes of determining legislative intent. *Van Antwerp v State,* 334 Mich 593; 55 NW2d 108 (1952), *Reed v Secretary of State,* 327 Mich 108; 41 NW2d 491 (1950). Further, statutes, such as these, which relate to the same person or things or to the same class of person or things, and which have a common purpose, are said to be *"in*

*pari materia"* and must be construed consistently. *Palmer v State Land Office Board,* 304 Mich 628; 8 NW2d 664 (1943), *People v Mire,* 173 Mich 357; 138 NW 1066 (1912).

Construing these two statutes in a manner that would make them consistent and harmonious, we glean a legislative intent to include dogs within the term "beasts" for purposes of both statutes. The Legislature's use of the phrase "dogs or other beasts of another" in the poison statute persuades us that the Legislature did not intend to create an anomolous situation whereby dogs would be protected from persons who placed poison where it is likely to be eaten by them but not protected from persons who would otherwise wilfully and maliciously kill them. Therefore, the lower court did not err in holding that defendant's conduct constituted a violation of the statute under which he was convicted.

Defendant next argues that the lower court erred in instructing the jury that they could find him guilty if they found that he acted with either malice towards the dog or towards its owner. Defendant argues that he could have been found guilty of wilfully and maliciously killing a dog only if he acted with malice towards the animal.

To the extent that the judge instructed the jury that the jury was required to find that defendant acted with malice either towards the animal or its owner in order for him to be convicted of the charged offense, the judge erred. The element of malice in this statute requires only that the jury find that defendant 1) committed the act, 2) while knowing it to be wrong, 3) without just cause or excuse, and 4) did it intentionally or 5) with a conscious disregard of known risks to the property of another. CJI 32:1:01.

The judge instructed the jury as to the definition of the term "malice" in accordance with this Standard Criminal Jury Instruction. That was all that he was required to do. Any instruction by the judge requiring the jury to find that defendant's malice was directed either towards the animal or its owner was irrelevant and could not have prejudiced defendant because, in effect, it added another element to the prosecutor's case making it more difficult to convict defendant. Therefore, no reversible error has occurred.

We agree with defendant that the lower court erred in ruling that certain hearsay testimony of a police officer was admissible at trial under MRE 801(d)(1); however, we disagree that the admission of this testimony constituted reversible error. Judy Mannon, an owner of the dog killed by defendant, testified at trial that after the shooting someone approached the door of her residence and identified himself as "Butch". Defendant is known by the name "Butch". On cross-examination of Deputy Deppe, a police officer who investigated the incident, defense counsel elicited testimony to the effect that Ms. Mannon did not tell the officer in her statement that defendant had identified himself at any time. Subsequently, the prosecutor elicited the testimony objected to from a second police officer who also had investigated the incident, Officer Waldron, to the effect that Ms. Mannon had told him that the defendant identified himself to her after the incident.

Defendant is correct in his assertion that this corroborating testimony was not admissible under MRE 801. However, it is clear that the testimony was offered to rehabilitate Ms. Mannon's credibility which had been impeached by the testimony of Deputy Deppe; it was not offered as substantive

evidence. As such, it was proper rehabilitative testimony and there was no violation of the hearsay rule. *People v Miniear,* 8 Mich App 591; 155 NW2d 222 (1967).

Defendant's final claim of error is that the prosecutor abused his discretion by charging defendant under a statute that made his actions a felony rather than under a statute that would have made defendant's actions only a misdemeanor. MCL 750.377; MSA 28.609, the statute under which defendant was charged and convicted, makes it a felony for a person to wilfully and maliciously kill animals belonging to another. Defendant argues that he should have been charged under MCL 752.21; MSA 28.161, which provides that any person who "tortures, torments, deprives of necessary sustenance, cruelly beats, mutilates, or cruelly kills, * * * any animal * * * is guilty of a misdemeanor". We disagree.

Where statutes are distinct in purpose and scope, the prosecutor does not abuse his discretion by charging an accused with the greater offense. *People v LaRose,* 87 Mich App 298; 274 NW2d 45 (1978). The statute under which defendant was charged and the statute under which he claims he should have been charged are distinct in purpose. The former statute protects the property interests of a person in the ownership of an animal, whereas the latter statute protects the animal itself from cruelty. Further, convictions under these statutes are not had on the same proof because the statute under which defendant was convicted requires the prosecutor to prove as an element of his case that the animal killed was one belonging to "another". On the other hand, the statute under which defendant claims he should have been charged protects all animals whether

belonging to another person or not. Therefore, we hold that the prosecutor did not abuse his discretion in charging defendant under the statute setting forth the greater penalty.

Affirmed.