PEOPLE v McKNIGHT

Docket Nos. 48880, 48881. Submitted November 13, 1980, at Lansing. —Decided December 16, 1980.

Wilbert McKnight was convicted, on his plea of guilty, of breaking and entering an occupied dwelling with intent to commit larceny and maliciously destroying an animal in the Oakland Circuit Court, Alice L. Gilbert, J. Defendant appeals, alleging that a dog is not a "beast" within the meaning of the act, that the court erred in allowing preliminary examination testimony to establish the dog's death, and that there was an insufficient showing of wilfullness and maliciousness. *Held:*

1. A dog is a "beast" within the meaning of the statute making it a crime to "wilfully and maliciously kill, maim or disfigure any horses, cattle or any other beasts of another".

2. Omissions in the record recital of the factual basis for a plea of guilty may be established in some other manner than direct questioning of the defendant. It was not error to allow the preliminary examination evidence.

3. A factual basis for accepting a plea of guilty exists if an inculpatory inference can reasonably be drawn from the facts admitted by the defendant even if an exculpatory inference could also be drawn and defendant asserts the latter is the correct inference. Wilful and malicious intent to kill may properly be inferred from the fact that defendant intentionally set in motion a force likely to kill or grievously hurt the dog.

Affirmed.

1. WORDS AND PHRASES — CRIMINAL LAW — STATUTES — "BEASTS".

A dog is a "beast" within the meaning of the statute making it a crime to "wilfully and maliciously kill, maim or disfigure any horses, cattle or any other beasts of another" (MCL 750.377; MSA 28.609).

2. CRIMINAL LAW — GUILTY PLEAS — INDEPENDENT FACTUAL BASIS.

Omissions in the record recital of the factual basis for a plea of

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Animals §§ 3, 27, 28.
[2, 3] 21 Am Jur 2d, Criminal Law §§ 492, 496.

guilty may be established in some other manner than direct questioning of the defendant.

3. CRIMINAL LAW — GUILTY PLEAS — INDEPENDENT FACTUAL BASIS — INFERENCES.

A factual basis for accepting a plea of guilty exists if an inculpatory inference can reasonably be drawn from the facts admitted by the defendant even if an exculpatory inference could also be drawn and defendant asserts the latter is the correct inference.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Lawrence J. Bunting,* Assistant Prosecuting Attorney, for the people.

*Faintuck, Shwedel, Wolfram, McDonald & Zipser* (by *Barbara J. Safran* and *William G. Wolfram),* for defendant on appeal.

Before: M. J. KELLY, P.J., and ALLEN and C. L. HORN,* JJ.

PER CURIAM. The present prosecution arises out of an incident wherein defendant broke into a home with intent to steal and kicked to death the absent owner's dog. The dog died 12 hours later. On October 9, 1979, defendant pled guilty to count I—breaking and entering an occupied building with intent to commit larceny—in violation of MCL 750.110; MSA 28.305, and to count II—maliciously destroying or injuring an animal—in violation of MCL 750.377; MSA 28.609. On November 1, 1979, defendant was sentenced to serve 3 to 15 years imprisonment on count I and 2 to 4 years on count II. Defendant appeals.

The statute under which defendant was convicted reads:

_____

* Circuit judge, sitting on the Court of Appeals by Assignment.

"Any person who shall wilfully and maliciously kill * * * any horses, cattle, *or other beasts* of another * * * shall be guilty of a felony." MCL 750.377; MSA 28.609.

Citing Black's Law Dictionary (4th ed), p 195, defendant argues that a dog is not a "beast" and hence, defendant was improperly charged. Defendant also argues that the rule of construction known as *ejusdem generis* mandates that "beasts" be defined as animals of the same kind, namely, horses, cows, pigs and livestock. The identical argument was rejected by this Court in *People v Iehl,* 100 Mich App 277; 299 NW2d 46 (1980). In that case this Court said:

"Although neither Michigan statute nor case law appears to have explicitly defined the term 'beast' in a manner that would include dogs, we note that a criminal statute prohibiting the placement of poisonous substances in places where they are liable to be eaten by 'beasts', MCL 750.437; MSA 28.692, specifically provides that, 'any person who shall expose any known poisonous substance, whether mixed with meat or other food or not, so that the same shall be liable to be eaten by horses, cattle, *dogs or other beasts* of another, shall be guilty of a misdemeanor * * *'. (Emphasis supplied.)

"Both of these statutes were enacted in 1931 at the same legislative session. See, 1931 PA 328, §§ 337 and 437. Statutes, such as these, which were enacted by the same Legislature, which went into effect on the same date, and which relate to the same subject matter, must be construed together for purposes of determining legislative intent. *Van Antwerp v State,* 334 Mich 593; 55 NW2d 108 (1952), *Reed v Secretary of State,* 327 Mich 108; 41 NW2d 491 (1950). Further, statutes, such as these, which relate to the same person or things or to the same class of person or things, and which have a common purpose, are said to be *'in pari materia'* and must be construed consistently. *Palmer v State Land Office Board,* 304 Mich 628; 8 NW2d 664 (1943), *People v Mire,* 173 Mich 357; 138 NW 1066 (1912).

"Construing these two statutes in a manner that would make them consistent and harmonious, we glean a legislative intent to include dogs within the term 'breasts' for purposes of both statutes."

Further, in 1940, the Attorney General ruled that the term "beasts" in the statute in question included dogs. Unpublished OAG, No 17148 (September 12, 1940). See also 3 Gillespie, Michigan Criminal Law & Procedure (2d ed), § 1849, p 902.

We are not persuaded by defendant's argument that the trial court erred in allowing both trial counsel to stipulate to the admission of preliminary examination testimony to establish that the dog died 12 hours after being kicked. While courts of this state have expressed their preference for interrogation of the defendant by the trial judge and for reliance on the defendant's responses to establish a factual basis, "[d]irect questioning is not an absolute. * * * [W]here the judge makes a conscientious effort to establish a factual basis for a plea of guilty by direct questioning of the defendant, omissions in the record recital of the factual basis may be established in some other manner". *Guilty Plea Cases,* 395 Mich 96, 134, fn 3; 235 NW2d 132 (1975). In the present case, defendant did not know whether the dog had died 12 hours after being kicked. The trial judge properly established this omission by allowing both counsel to stipulate to the admission of the preliminary examination testimony regarding this fact. No error occurred.

Lastly, defendant contends that there was insufficient factual basis to support a finding that defendant had the requisite wilful and malicious intent to kill the dog. However, a factual basis for acceptance of a plea exists if an inculpatory inference can reasonably be drawn by a jury from the

facts admitted by defendant even if an exculpatory inference could also be drawn and defendant asserts the latter is the correct inference. A jury could properly infer wilful and malicious intent to kill, even where defendant disclaims such intent, from evidence that he intentionally set in motion a force likely to cause death or grievous bodily harm—here kicking the dog. *Guilty Plea Cases, supra,* 130-131, *Iehl, supra,* CJI 32:1:01.

Affirmed.