PEOPLE v DAVIS

Docket No. 45632. Submitted February 3, 1981, at Grand Rapids.—
Decided May 19, 1981.

James P. Davis was convicted of armed robbery, Berrien Circuit
Court, William S. White, J. He appeals, alleging that his in-
court identification by a witness who had seen his picture at a
photographic showup was improper, that the trial court erred
in admitting testimony regarding a witness's prior consistent
statement, and that he was improperly cross-examined by the
prosecution. *Held:*

1. The in-court identification of defendant was not per se
violative of defendant's due process rights, nor was the prosecu-
tion required to establish a basis for the identification indepen-
dent of the photographic showup which was attended by de-
fense counsel.

2. Any error resulting from the introduction of a prosecution
witness's prior statement was harmless beyond a reasonable
doubt and was not offensive to the sound maintenance of the
judicial system.

3. The record reveals no miscarriage of justice or error
requiring reversal resulting from the prosecution's cross-exami-
nation of defendant.

Affirmed.

WITNESSES — PRIOR CONSISTENT STATEMENTS — EVIDENCE.

Prior consistent statements of a witness are generally inadmissi-
ble except to rebut a charge of influence, where there is a
question whether a prior inconsistent statement was made, or
to rebut a charge of recent fabrication or contrivance.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *John A. Smietanka,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 81 Am Jur 2d, Witnesses § 597.
Effect of Rule 801(d)(1)(B) of the Federal Rules of Evidence upon the
admissibility of a witness' prior consistent statement. 47 ALR Fed
639.

Prosecuting Attorney, and *Angela Baryames,* Assistant Prosecuting Attorney, for the people.

*James Krogsrud,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. F. WALSH, P.J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

R. B. BURNS, J. Defendant was convicted by a jury of one count of armed robbery, MCL 750.529; MSA 28.797. It was alleged during trial that defendant and two other persons, James Hudson and James Steven Townsend, robbed Ruby's Truck Wash in Sawyer, Michigan, on July 26, 1977. Hudson testified for the prosecution. Defendant asserted during trial that he was not a participant in the robbery. Defendant raises numerous issues on appeal, none of which warrant reversal.

Prior to trial, James Dickerson, an employee of the truck wash who was standing outside just prior to the robbery, was unable to identify defendant's picture during a photographic showup. Defendant argues therefore that Dickerson's subsequent in-court identification of defendant was improper. We disagree. Counsel was present at the showup, and the record indicates that it was not suggestive.[1] We find no authority in support of defendant's contention that the in-court identification was per se violative of due process or that the prosecution was required to establish an independent basis for the witness's in-court identification of defendant. See *People v Currelley,* 99 Mich App 561, 566; 297 NW2d 924 (1980).

Defendant next argues that the prosecutor im-

---

[1] Defendant does not argue that the employment of a photographic showup, instead of a corporeal lineup, was improper in the present case. See *People v Kachar,* 400 Mich 78; 252 NW2d 807 (1977).

permissibly bolstered the testimony of James Hudson by eliciting testimony of his prior out-of-court statement that was consistent with his testimony against defendant. The record indicates that in August of 1977, officer Hellenga of the Michigan State Police questioned Hudson about the armed robbery and that Hudson told him about his and defendant's involvement in the crime. Subsequently, while Hudson was being held in jail, he wrote a note to "Steve" Townsend. The note read as follows:

"Steve
"I don't know why I told the police those things. My mind wasn't functioning well from those pills I took. They kept telling me they were going to send me away for life. There was a state cop from New Buffalo there. He told me * * * you and Butch [defendant] and me robbed that truck wash in Sawyer. He told me all about it. Then he told me if I told him we did it he would help me get out of this mess. I was so confused I signed a statement. I don't know why I did it but its to [sic] late for me now. I just hope you can prove your inocence [sic].

"Your friend

"Jim Hudson"

During trial Hudson gave testimony implicating defendant in the crime. On cross-examination, defense counsel impeached Hudson's credibility by his prior inconsistent statement—the note to Townsend. The note was received into evidence. Hudson acknowledged that he had written the note but denied the truth of its contents. In an apparent effort to rehabilitate Hudson's credibility through the introduction of his prior consistent statement, officer Hellenga was called to the stand.

After repeated hearsay objections were interposed by defense counsel, Hellenga testified that the statement that Hudson gave to him, to which the note refers, was the same as Hudson's preliminary examination testimony.

Regarding the admissibility during trial of prior consistent statements, the Supreme Court stated, in *Brown v Pointer,* 390 Mich 346, 351-352; 212 NW2d 201 (1973):

"Generally, consistent statements of a witness are not admissible as substantive evidence. *People v Hallaway,* 389 Mich 265, 276; 205 NW2d 451 (1973); *Dundas v Lansing,* 75 Mich 499, 502; 42 NW 1011; 13 Am St Rep 457; 5 LRA 143 (1889); *Brown v People,* 17 Mich 429, 435; 97 Am Dec 195 (1868). It has been said, however, that they are often 'allowed a limited admissibility for the purpose of supporting the credibility of a witness, particularly to show that a witness whose testimony has allegedly been influenced told the same story before the influence was brought to bear.' McCormick, Evidence (2d ed), § 251, p 604. The authors of this recent revision of McCormick assert that the trend of decision supports the admission of consistent statements; they reason that '[t]he witness can be cross-examined fully. No abuse of prepared statements is evident. The attack upon the witness has opened the door.' McCormick, Evidence, *op cit.*

"In *People v Hallaway, supra,* p 277, it was recently noted: 'Justice COOLEY, in *Stewart v People,* 23 Mich 63 (1871), held that a prior consistent statement of a witness may be admitted where a prior inconsistent statement has been put in evidence, and the prior consistent statement is of such character as to be probative upon the issue of whether or not the prior inconsistent statement was in fact made.' "

As the *Brown* Court noted above, there are at least two exceptions to the general rule that prior consistent statements are inadmissible: to rebut a

charge of influence and when there is a question whether or not a prior inconsistent statement in fact was made. See also *People v Washington,* 100 Mich App 628; 300 NW2d 347 (1980), *People v Harris,* 86 Mich App 301; 272 NW2d 635 (1978), *People v Miniear,* 8 Mich App 591; 155 NW2d 222 (1967), *People v Gardineer,* 2 Mich App 337; 139 NW2d 890 (1966).

Defendant correctly points out that neither exception is applicable in the present case. There is no question that Hudson made the prior inconsistent written statement or that he made the prior consistent statement in response to the police officer's promise to help him out if he talked, that is, after the influence was brought to bear. However the *Brown* Court did not expressly limit the admissibility of prior consistent statements to the two situations mentioned.[2] *Cf., Woodrow v Johns,* 61 Mich App 255; 232 NW2d 688 (1975).

In the present case, whether or not officer Hellenga's testimony regarding Hudson's prior consistent statement was properly introduced into evidence, we find any error to be harmless. *People v Wright (On Remand),* 99 Mich App 801, 810-811; 298 NW2d 857 (1980). We do not find that the prosecutor's questioning of officer Hellenga regarding Hudson's prior statement was offensive to the sound maintenance of the judicial system. His persistent examination, after objections by defense counsel, did not have the character of deliberate misconduct but instead evinced an effort to ask

---

[2] A third exception, in which prior consistent statements are admissible, is where the witness is impeached by charging recent fabrication or contrivance. Although impeachment by charging recent fabrication or contrivance is similar to impeachment by charging that influence has been brought to bear on a witness, the two concepts are distinguished in 4 Wigmore on Evidence (Chadbourn ed), § 1129, pp 270-276. See also *Miniear, supra, People v Iehl,* 100 Mich App 277; 299 NW2d 46 (1980). It appears that Hudson's prior consistent statement does not fall within this third exception.

questions and receive answers that would fit within the limits of the trial court's rulings.

We further find that any error in introducing officer Hellenga's testimony was harmless beyond a reasonable doubt. What Hellenga testified to regarding Hudson's prior consistent statement was already clearly evident to the jury once defense counsel had introduced Hudson's written note to Steve Townsend and had questioned Hudson at length concerning its contents. Reversal is not required.

Defendant next argues that the prosecutor improperly cross-examined him by inquiring into irrelevant prior conduct and improperly sought to impeach his credibility by extrinsic collateral evidence. The record indicates that defense counsel raised no objections, that some of the questioning did involve relevant matters, that the prosecutor's inquiry into irrelevant matters was brief, and that some of the questioning was in response to defense counsel's direct examination. We find no miscarriage of justice and no error requiring reversal. *People v Champion,* 97 Mich App 25, 31; 293 NW2d 715 (1980), *People v Meier,* 47 Mich App 179, 195-196; 209 NW2d 311 (1973).

We find no merit to defendant's other claims of error.

Affirmed.