PEOPLE v DAVIS

Docket No. 53249. Submitted June 11, 1981, at Detroit.—Decided
     September 11, 1981.

Neil S. Davis was convicted, on his plea of guilty, of obtaining a
     controlled substance by fraud, Allegan Circuit Court, George R.
     Corsiglia, J. The defendant pled guilty pursuant to a plea
     bargain in which the prosecuting attorney agreed to withdraw
     a supplemental information charging the defendant as an
     habitual offender if the defendant pled guilty to the charged
     offense. The defendant appeals, alleging that (1) the magistrate
     erred in binding him over for trial, (2) the trial court erred in
     denying his motion to quash the information, and (3) the trial
     court erred in accepting the defendant's guilty plea. *Held:*

No error requiring reversal occurred in the instant case. The
     same legal issues are presented by all of the defendant's
     allegations of error. Where a forgery is used to obtain a
     controlled substance, knowledge of the forgery on the part of a
     pharmacist does not reduce the crime to a mere attempt. The
     defendant's co-worker, without wrongful intent, acted as the
     defendant's agent by picking up the prescription. The co-work-
     er's possession of the controlled substance was sufficient con-
     structive possession by the defendant to convict him of the
     completed crime. The trial court did not err in using prelimi-
     nary examination testimony to establish that the defendant's
     co-worker received the controlled substance since it relates to
     only one fact, the parties stipulated to the use of the prelimi-
     nary examination testimony for the establishment of that fact,

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 490.
[2] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 23.
     36 Am Jur 2d, Forgery § 42.
     Construction of provision of Uniform Narcotic Drug Act or similar
          statute dealing with obtaining or procuring the administration of
          a narcotic drug by fraud or deceit. 25 ALR3d 1118.
[3] 25 Am Jur 2d, Drugs, Narcotics, and Poisons § 21.
     What constitutes "possession" of a narcotic drug prescribed by § 2
          of the Uniform Narcotic Drug Act. 91 ALR2d 810.
[4] 21A Am Jur 2d, Criminal Law § 472.

and the defendant does not presently claim that his agent did not receive the substance.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS — WAIVER.

Alleged defects that merely impugn the accuracy of a bindover or conviction are waived by a defendant's guilty plea; they are inherently subsumed by the plea, which conclusively resolves the issue of the defendant's guilt.

2. CONTROLLED SUBSTANCES — DRUGGISTS — FORGED PRESCRIPTIONS — STATUTES.

The fact that a pharmacist to whom a forged prescription was presented knew, or had reason to know, that the prescription was forged and nonetheless filled it is no defense to a charge of obtaining a controlled substance by means of a forgery in violation of the controlled substances act; there is no requirement that the supplier of the proscribed substance be deceived by the forged prescription (MCL 333.7407[1][c]; MSA 14.15[7407][1][c]).

3. CONTROLLED SUBSTANCES — CONSTRUCTIVE POSSESSION.

A defendant has constructive possession of a controlled substance where a person purchases the substance as agent for the defendant and pursuant to the defendant's express instructions and the defendant as owner of the substance is entitled to exercise dominion and control over it even though the defendant never actually gains physical possession of the substance.

4. CRIMINAL LAW — GUILTY PLEAS — EVIDENCE — STIPULATIONS.

A trial court's use of preliminary examination testimony to establish a fact outside the knowledge of a defendant who is pleading guilty does not constitute error where both the defendant and the people stipulate as to its use.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Fred R. Hunter, III,* Prosecuting Attorney, and *Thomas C. Nelson,* Assistant Attorney General, for the people.

*Sheridan & Sheridan,* for defendant on appeal.

Before: D. C. RILEY, P.J., and CYNAR and H. R. GAGE,* JJ.

CYNAR, J. Defendant was charged with obtaining a controlled substance by fraud, MCL 333.7407(1)(c); MSA 14.15(7407)(1)(c). Defendant's motion to quash the information was denied. Pursuant to a plea agreement, defendant pled guilty to the charge in exchange for the prosecutor's agreement to withdraw a supplemental information charging defendant as a habitual offender by reason of three prior convictions for obtaining or attempting to obtain a controlled substance by fraud. On April 25, 1980, defendant was sentenced to serve 32 months to 4 years in prison. Defendant appeals by right.

Defendant claims that the magistrate who bound him over for trial erred in doing so, that the trial court erred in denying defendant's motion to quash the information and that the trial court erred in accepting defendant's guilty plea.

Defendant's guilty plea arguably waived any challenge to the sufficiency of the evidence for a bindover. See *People v Hill,* 86 Mich App 706, 711-713; 273 NW2d 532 (1978), but we need not consider the waiver issue because the. same legal issues are presented by defendant's attack on the factual basis for his guilty plea as are raised by his challenge to the bindover and to the trial court's ruling on the motion to quash. After considering each of defendant's arguments, we find no reversible error.

I

In the instant case it is undisputed that the

* Circuit judge, sitting on the Court of Appeals by assignment.

pharmacist who filled the forged prescription knew that the prescription had been altered. Defendant therefore claims that he could not be convicted of obtaining a controlled substance by fraud, since the pharmacist was not in fact deceived by the prescription. Defendant contends that because of this fact, the most he could be convicted of is an attempt to obtain a controlled substance.

The same argument was rejected by this Court in *People v Genovese,* 53 Mich App 657; 220 NW2d 207 (1974). Defendant attempts to distinguish *Genovese* by the fact that it was not certain there that the pharmacist knew that the prescription was forged, while in the instant case there was no doubt as to the pharmacist's knowledge that the prescription was forged. This distinction is irrelevant. *Genovese* holds that where a forgery is used to obtain a controlled substance, knowledge of the forgery on the part of a pharmacist does not reduce the crime to a mere attempt. This is apparently so because of the language of the statute, which enumerates forgery as one of the prohibited means of obtaining such a substance, while also listing misrepresentation, fraud or deception. It is important to note that each of those terms are used in the disjunctive. Use of a forgery is prohibited regardless of whether it actually causes deception. Defendant's reliance on dicta in *Genovese* which expresses a policy against burdening pharmacists with enforcement duties is inapplicable. Rather than being the basis for the decision as defendant suggests, the policy comment was merely given as a supplemental reason for avoiding the opposite result. The *Genovese* opinion stated clearly that the policy ground was not necessary to its decision. *Id.,* 661. As a final note on this issue, defendant's authorities for the propo-

sition that actual deception is an element of fraud do not involve cases of forgery, and thus are not applicable to the instant case. See, *e.g., People v Wilde,* 42 Mich App 514; 202 NW2d 542 (1972), where the charge was obtaining money under false pretenses, MCL 750.218; MSA 28.415.

## II

Defendant never had actual possession of the illegally obtained substance. Defendant gave the altered prescription to a co-worker who agreed, at defendant's request, to pick up the prescription, pay for it and deliver it to defendant, whereupon defendant would reimburse the co-worker for the purchase price. The co-worker was apprehended by police officers after he obtained the prescription but before he was able to deliver it to defendant.

Defendant argues that since he never had possession of the controlled substance, the most he could have been convicted of is an attempt to obtain a controlled substance, and that there was no factual basis established at the plea-taking hearing to support the existence of the completed crime as opposed to the attempt.

The people contend that defendant's co-worker was acting as defendant's agent by picking up the prescription, and that the co-worker's possession of the controlled substance was sufficient constructive possession by the defendant to convict him of the completed crime.

It is conceded by both parties that the co-worker in question had no knowledge of the alteration of the prescription and that his participation in the alleged crime was completely innocent. Defendant cannot, therefore, be convicted as an accomplice or an aider and abettor.

In accepting defendant's guilty plea, the trial court ruled on the proposition that the co-worker was defendant's agent, and that defendant was chargeable with possession and knowledge of possession of the controlled substance through his agent. Defendant claims that constructive possession cannot be established by such an agency theory but requires some form of personal dominion and control over the item in question, such as where defendant has the item locked in the trunk of his car and possesses the key to the trunk. See *People v Harper,* 365 Mich 494; 113 NW2d 808 (1962). *Harper* and other cases cited by defendant are silent on the question of an agency relationship such as the one in the instant case. We find no clear case law in Michigan that an individual defendant may commit necessary elements of a crime through the acts of an innocent agent. We are persuaded, however, by the reasoning of the California Supreme Court in *People v White,* 50 Cal 2d 428; 325 P2d 985 (1958).

In *White,* the defendant had left money for the purchase of a capsule of heroin with his apartment roommate. The latter individual purchased the item from a known heroin user when defendant was absent. On appeal, defendant argued that the evidence was insufficient for conviction of possession of narcotics because there was no evidence that he had possession of the narcotic or knowledge of its presence. The California Supreme Court, *en banc,* rejected this claim:

"[Defendant's roommate] purchased the heroin as agent for appellant and pursuant to his express instructions, and appellant, as the owner of the capsule, was entitled to exercise dominion and control over it. He had constructive possession as soon as the narcotic was acquired for him, and it is immaterial whether he had

personal knowledge of the presence of the narcotic in the apartment." *Id.*, 431.

In the instant case, it is clear that the co-worker was merely an innocent conduit in defendant's fraudulent scheme. He acquired the substance for defendant pursuant to express instructions and arrangements. He doubtlessly would have delivered it to defendant had the police not intervened.

In these circumstances, a finder of fact could readily conclude that defendant had "acquire[d] or obtain[ed] possession", MCL 333.7407(1)(c); MSA 14.15(7407)(1)(c), of the controlled substance. There was, therefore, no abuse of judicial discretion in binding defendant over on the fraudulent acquisition charge, or in accepting a guilty plea to this offense. Although it could be argued that the instant case is distinguishable by reason of the fact that defendant had not yet reimbursed his co-worker for the purchase of the controlled substance, we find that such a distinction does not mandate a different result. Defendant and his co-worker had agreed to a course of action whereby defendant was left in control of whether he had the right to obtain the substance from his co-worker. We cannot allow criminals to insulate themselves from responsibility for the commission of crimes by utilizing innocent third parties to carry out certain elements of a crime.

### III

Defendant claims that the trial court improperly relied on testimony taken at the preliminary examination to establish the fact that defendant's co-worker had in fact obtained the controlled substance. Defendant relies on *People v Schneff*, 392 Mich 15; 219 NW2d 47 (1974), which holds that a

guilty plea is not properly accepted where the trial court relies on testimony taken at the preliminary examination even where the parties stipulate to the consideration of such evidence.

The people counter by citing *Guilty Plea Cases,* 395 Mich 96, 134, fn 3; 235 NW2d 132 (1975), for the proposition that other methods than direct questioning of the defendant are allowable to establish the factual basis for the crime where warranted by special circumstances. In the instant case, defendant did not have direct knowledge of the fact that his agent had received the controlled substance and it was appropriate to rely on some other method to establish that fact.

*People v McKnight,* 102 Mich App 581; 302 NW2d 241 (1980), held it permissible to use preliminary examination testimony to establish a fact outside the knowledge of defendant upon stipulation by the parties. The charge in *McKnight* was maliciously injuring or destroying an animal, and the fact in question was the death of the animal 12 hours after being beaten by that defendant. At the plea-taking proceeding, that defendant stated that he had no personal knowledge of the death of the animal, and the parties stipulated to acceptance of the preliminary examination testimony that such was the case.

*McKnight* is on point with the instant case but does not address or distinguish *Schneff.* There is, however, a substantive distinction between the cases in that the trial court in *Schneff* generally relied on the preliminary examination in finding a factual basis. In *McKnight* and in the instant case, the preliminary examination testimony was used only to establish a single fact that was outside the knowledge of defendant and not open to serious question. None of the evils which concerned the

Court in *Schneff* are present in the instant case. In further support of the *McKnight* holding, we note that the citation in *Guilty Plea Cases* supports our belief that the Supreme Court has retracted from a rigid prohibition on the use of preliminary examination testimony. Finally, we note that under *Guilty Plea Cases,* the proper remedy, where a defendant's guilty plea is not supported by an adequate factual basis, is to remand to the trial court to allow the prosecutor to establish the missing fact. *Id.,* 129. Even now defendant does not claim that his agent did not receive the controlled substance, and it is manifest that in fact he did. It is clear, therefore, that a remand in the instant case would be a useless gesture.

Affirmed.