PEOPLE v MARTINEZ

Docket No. 63485. Submitted December 16, 1982, at Detroit.—Decided
February 9, 1983. Leave to appeal denied, 417 Mich 1100.7.

Delores Martinez was convicted, on her plea of guilty, of cruelty
to a child, Detroit Recorder's Court, Vera M. Jones, J. The
defendant appeals, alleging that the trial court erred in relying
on photographs of the victim to supplement the factual basis
for the defendant's plea because factual support for a guilty
plea may only be supplied by examination of the defendant.
*Held:*

The trial court did not err in relying on photographs of the
child to establish the nature of the injuries inflicted. Such
supplementation of the factual basis for accepting the guilty
plea is not erroneous where the defendant: (1) substantially
admits guilt; (2) is unable to supply a specific fact; and (3)
agrees to the admission of the other evidence.

Affirmed.

1. CRIMINAL LAW — GUILTY PLEAS.

A court is required to establish factual support for a defendant's
guilty plea by questioning the defendant; where a plea of nolo
contendere is entered, a court may not question the defendant
about his involvement in the crime but, instead, the court is
required to state why such a plea is appropriate and conduct a
hearing to establish support for the plea (GCR 1963, 785.7[3][b]).

2. CRIMINAL LAW — GUILTY PLEAS.

The procedural requirements of the court rule for accepting a
defendant's guilty plea may not be avoided merely by the
parties' stipulating to the admission of other evidence to pro-
vide support for the plea where the defendant fails to substan-
tially admit guilt in entering a plea of guilty; if the defendant
is unwilling or unable to admit the facts giving rise to the plea,
the appropriate plea is one of nolo contendere if the court can
state adequate reasons for acceptance of such a plea.

REFERENCE FOR POINTS IN HEADNOTES
[1-4] 21 Am Jur 2d, Criminal Law §§ 489, 494.

3. CRIMINAL LAW — GUILTY PLEAS.

    The purpose of the requirement that the factual basis of a crime be established through direct questioning of a defendant at the time that a plea is taken is to ensure that the plea is both voluntarily and intelligently made and those constitutional protections may be satisfied even where the defendant fails to admit all of the elements of the offense.

4. CRIMINAL LAW — GUILTY PLEAS — SUPPLEMENTAL EVIDENCE.

    Evidence other than a defendant's admissions may be used to supplement the defendant's guilty plea at a plea-taking proceeding if: (1) there is a substantial admission of guilt by the defendant; (2) the defendant is unable to supply a specific fact; and (3) both the defendant and the people stipulate to the admission of the other evidence.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Sheila N. Robertson),* for defendant on appeal.

Before: DANHOF, C.J., and J. H. GILLIS and H. E. DEMING,* JJ.

DANHOF, C.J. Defendant pled guilty to cruelty to a child in violation of MCL 750.136; MSA 28.331 and was sentenced to two years incarceration. She appeals her conviction as of right.

The sole issue presented concerns the ability of the plea-taking court to rely on photographs to supplement the factual basis for defendant's plea. Defendant admitted that she struck her child with a belt. However, she was unable to describe the precise nature of the injuries inflicted. Therefore,

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

the prosecutor and defense counsel stipulated to the admission of a series of photographs which depicted the victim's condition. Defendant agreed to that procedure. After viewing the photographs, the court ruled that sufficient factual support was established for the plea.

Defendant claims that factual support for a plea of guilty may be supplied only by examination of the accused.

The Supreme Court has established the procedure to be employed for the purpose of taking a plea of guilty or a plea of nolo contendere. GCR 1963, 785.7. It has established different procedures for a guilty plea than a plea of nolo contendere. Where a plea of guilty is entered, the court is required to establish factual support for the plea by questioning the defendant. GCR 1963, 785.7(3)(a). Where a plea of nolo contendere is entered, the court may not question defendant about his involvement. Instead, the court is required to state why such a plea is appropriate and also conduct a hearing to establish support for the plea. GCR 1963, 785.7(3)(b).

In view of the foregoing, we agree with defendant that, where the defendant fails to substantially admit guilt in entering a plea of guilty, the parties may not avoid the procedural requirements of the court rule merely by stipulating to the admission of other evidence to provide support for the plea. If defendant is unwilling or unable to admit the facts giving rise to the plea, the appropriate plea is one of nolo contendere if the court can state adequate reasons for acceptance of such a plea. See *Guilty Plea Cases,* 395 Mich 96, 132-135; 235 NW2d 132 (1975).

Although we agree that the procedure employed is objectionable where defendant does not substan-

tially admit guilt, we do not agree that such supplementation may never occur where a substantial admission has been made by direct questioning of defendant. The purpose of the requirement of direct questioning is to insure that the plea is both voluntarily and intelligently made. *People v Kedo,* 108 Mich App 310, 316; 310 NW2d 224 (1981). These constitutional protections may be satisfied even where defendant fails to admit all of the elements of the offense. *People v Booth,* 414 Mich 343, 358-360; 324 NW2d 741 (1982). In *Booth, supra,* the Court quoted from *North Carolina v Alford,* 400 US 25; 91 S Ct 160; 27 L Ed 2d 162 (1970), wherein the United States Supreme Court stated:

" '[T]he Constitution is concerned with the practical consequences, not the formal categorization of state law. * * * Thus, while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An *individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.'* 400 US 37. (Emphasis added.)" *Booth, supra,* pp 359-360.

In *Guilty Plea Cases, supra,* p 129, the Supreme Court authorized a procedure for supplementation after remand in cases in which an appellate court has found that an insufficient factual basis was established to support acceptance of the plea. Subsequent decisions of this Court have held that the post-remand supplementation may be supplied by evidence other than defendant's admissions if defendant substantially admitted guilt at the initial plea hearing. *Kedo, supra; People v Brown,* 96 Mich App 565; 293 NW2d 632 (1980). In our opin-

ion, such supplementation may also occur at the initial plea hearing as long as: (1) there is a substantial admission of guilt by defendant; (2) defendant is unable to supply a specific fact; and (3) the parties stipulate to the admission of the other evidence.

We are not unmindful of the Supreme Court's decision in *People v Schneff,* 392 Mich 15; 219 NW2d 47 (1974), which held that a guilty plea is not properly accepted where the trial court relies on testimony taken at the preliminary examination even where the parties stipulate to the use of such evidence. However, we agree with *People v Davis,* 109 Mich App 521, 527-529; 311 NW2d 411 (1981), and *People v McKnight,* 102 Mich App 581; 302 NW2d 241 (1980), that the continued validity of *Schneff, supra,* is suspect following the Supreme Court's decision in *Guilty Plea Cases, supra,* and that, in any event, *Schneff, supra,* does not bar the use of such evidence only to establish a single fact outside the knowledge of defendant.

In the present case, defendant admitted that, after becoming extremely upset with her daughter, she beat the child with a leather belt and that the beating was long-lasting and severe. However, defendant was not able to describe the nature of the injuries inflicted. It is readily apparent that in child cruelty cases the nature and severity of the injuries inflicted will often be outside the knowledge of the accused. Therefore, we find that it was not error for the plea-taking court to rely on the photographs to establish the missing fact.

Affirmed.